Leonard K. HOSKINS, Petitioner,

v.

Colonel Clifton HOSKINS and Hoskins, Inc., Respondents

No. 15–0046

Supreme Court of Texas.

Argued January 13, 2016

OPINION DELIVERED: May 20, 2016

Rehearing Denied September 23, 2016

Audrey Mullert Vicknair, Law Office of Audrey Mullert Vicknair, Robert W. Johnson, Jr., Law Office of Robert W. Johnson, Jr., Corpus Christi TX, for Petitioner.

Ellen B. Mitchell, Melanie Lynn Booker Fry, Phylis J. Speedlin, Dykema Cox Smith, San Antonio TX, for Respondents.

JUSTICE LEHRMANN delivered the opinion of the Court.

The principal issue in this case is whether a party seeking to vacate an arbitration award under the Texas General Arbitration Act (TAA) may invoke extra-statutory, common-law vacatur grounds. The courts of appeals are divided on the issue, which we have not directly addressed. Here, a party to arbitration sought to vacate the award because the arbitrator manifestly disregarded the law, even though manifest disregard is not a ground for vacatur under the TAA. The court of appeals held that the TAA's enumerated vacatur grounds are exclusive and did not consider the merits of the manifest-disregard arguments. The court also rejected the argument that the party seeking vacatur was deprived of his statutory hearing rights and affirmed the trial court's confirmation of the arbitration award. We agree with the court of appeals and affirm its judgment.

## I. Background

This suit originated as a trust dispute involving Hazel Hoskins and two of her sons—Leonard and Clifton. Hazel and her husband, Lee Roy Hoskins Sr., owned multiple family corporations. One of those companies, Hoskins, Inc. (the Company), held title to a parcel of real property known as Tilden Ranch. Lee Roy died in 1985, and Hazel became the executrix of his estate. Lee Roy bequeathed his portion of the couple's community property to a marital trust of which Hazel was the trustee and beneficiary. Hazel thus owned fifty percent of the Company as trustee and fifty percent individually. As both the trustee and beneficiary of the marital trust, Hazel was prohibited under Lee Roy's will from distributing income or principal to herself from the trust, which included the fifty percent of the Company held in her capacity as trustee. In his will, Lee Roy named his descendants as the trust's residuary beneficiaries.

After Lee Roy's death, property disputes led to litigation among the Hoskins family members and corporations. One of the family corporations filed for bankruptcy, and in April 2002, Leonard, Clifton, and Hazel agreed to settle their claims. The agreement included a provision stating that the parties would attempt to settle any disputes over the agreement's performance and interpretation by mediation and, if unsuccessful, by binding arbitration. The bankruptcy court's order approving the settlement contained a permanent injunction prohibiting the parties from suing each other "on subjects pertaining to the subject matter of this litigation" without first obtaining authority to do so from the bankruptcy court.[1]

In 2008, Leonard sued Clifton, Hazel, and the Company, challenging the Company's February 2004 conveyance of Tilden Ranch to Clifton. Leonard alleged that the conveyance was fraudulent, that it was orchestrated by Clifton as *de facto* trustee, and that Hazel had breached her fiduciary duties to the residuary beneficiaries by failing to properly maintain the trust. Leonard also filed a motion in the probate court to remove Hazel as trustee. In light of the bankruptcy court's injunction, Leonard nonsuited his claims and requested permission from the bankruptcy court to file suit. The bankruptcy court denied the request and ordered the parties to mediation and arbitration in accordance with the settlement agreement. Following an un-

---

1. Hazel's third son, Lee Roy Jr., disclaimed any interest in the estate after receiving title to a parcel of real property as part of the settlement. He is not a party to this litigation.

successful mediation attempt, the bankruptcy court appointed an arbitrator, and in September 2011, the parties signed an arbitration agreement in which they "agreed to a resolution through arbitration pursuant to the provisions of the Texas General Arbitration Act."

Leonard subsequently filed his Complaint in Arbitration, alleging that the Company's conveyance of Tilden Ranch to Clifton "was a choreographed, fraudulent conveyance for substantially less than the fair market value," that the conveyance "should be set aside and declared to be null and void," and that Hazel, aided and abetted by Clifton, breached her fiduciary duties to the Company's owners and the trust's beneficiaries. In addition to declarations that the sale was void due to inadequate consideration, Leonard sought an accounting of all activity by the Company and the trusts created by Lee Roy's will since the settlement, removal of Hazel as executrix of Lee Roy's estate and as trustee of any trusts created by Lee Roy's will, an order setting aside the conveyance, damages, and attorney's fees and costs.

Clifton and the Company moved for summary judgment, arguing that Leonard's claims, which arose out of the 2004 Tilden Ranch conveyance, were barred by limitations and that Leonard lacked standing to challenge the conveyance because he was not a shareholder in the Company and was not a party to the transaction. After a hearing, the arbitrator granted the motion, dismissing all claims against Clifton and the Company and all claims concerning the 2004 sale of Tilden Ranch. The arbitrator also dismissed all claims against Hazel except for those seeking Hazel's removal as executrix and trustee and an accounting of the trusts' activity, as well as the requests for damages and attorney's

fees. The arbitrator signed a written order to that effect on February 14, 2012, which he sent to the parties along with a letter stating that his ruling was "based both on the statute of limitations and the lack of standing arguments."

In June 2012, before the arbitrator issued a final award, Leonard filed a supplement to his arbitration complaint, reiterating his claims against Hazel and challenging the validity of two more property conveyances by the Company (one to Clifton, the other to a living trust). No new motions were filed with respect to the supplemental complaint, and the arbitrator held no additional hearings. In February 2013, the arbitrator signed a final arbitration award that dismissed all claims against Clifton and the Company with prejudice [2] and awarded them attorney's fees and costs. He also granted Clifton and the Company's motion to sever Leonard's claims against them from the claims that remained pending against Hazel.

Clifton and the Company filed a petition in the trial court to confirm the arbitration award pursuant to the TAA, and Leonard filed a motion to vacate the award. His stated grounds for vacatur in the trial court were: the arbitrator lacked authority to enter the award because the bankruptcy court's order compelling arbitration was void; the award was obtained by corruption, fraud, or other undue means; Leonard's rights were violated by the arbitrator's evident partiality; the arbitrator exceeded his power because it was derived from a void court order; the hearing was conducted contrary to statutory requirements; the parties had no agreement to arbitrate; and the arbitrator demonstrated a manifest disregard of the law by ig-

---

**2.** A claim for an accounting of all activity by the Company since April 2002 was dismissed without prejudice because Leonard nonsuited that claim.

noring the bankruptcy court's injunction, deciding questions of fact in a summary judgment proceeding, dismissing claims against Clifton that were not pled or argued, and "disregarding established Texas law." The trial court granted Clifton and the Company's petition, denied Leonard's motion to vacate,[3] and confirmed the arbitration award. The trial court also entered findings of fact and conclusions of law, holding in part that "its authority to vacate the Arbitrator's award is limited to the circumstances stated in section 171.088 of the TAA."

In the court of appeals, Leonard abandoned the majority of his statutory grounds for vacatur, focusing his arguments on the arbitrator's alleged manifest disregard of the law. He did, however, argue that the arbitrator's dismissal of his supplemental claims without holding a hearing provided a statutory ground for vacatur of the award. The court of appeals affirmed, holding that manifest disregard is not a valid ground to vacate an arbitration award under the TAA and that Leonard was not entitled to a second hearing on his supplemental complaint. 498 S.W.3d 78, 82–85, 2014 WL 5176384, at *4–

5 (Tex.App.–San Antonio 2014). We granted Leonard's petition for review to resolve a split in the courts of appeals on whether the TAA permits vacatur of an arbitration award on common-law grounds not enumerated in the statute.[4]

## II. Vacating Arbitration Awards under the TAA

■■■ The parties first ask us to determine whether the enumerated grounds for vacatur delineated in the TAA are exclusive,[5] which, as the court of appeals recognized, presents a statutory-interpretation issue of first impression. 498 S.W.3d at 82, 2014 WL 5176384, at *3 (noting that this Court "has never directly addressed the issue of whether common law grounds are preempted by the TAA"). "Statutory construction is a legal question we review de novo." *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex.2008). "In construing the TAA, we are obliged to be faithful to its text." *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 97 (Tex.2011). When statutory text is clear and unambiguous, we construe that text according to its plain and common meaning unless a contrary

---

**3.** The arbitrator appointed a receiver for the trusts who also filed a motion to vacate, which was denied. The receiver did not appeal.

**4.** *See* 498 S.W.3d at 82–83, 2014 WL 5176384, at *4 (holding that common-law grounds like manifest disregard are not viable grounds for vacating an arbitration award under the TAA); *Cambridge Legacy Grp., Inc. v. Jain*, 407 S.W.3d 443, 448 (Tex.App.–Dallas 2013, pet. denied) ("The grounds allowing a trial court to vacate an arbitration award are limited to those expressly identified in the statute."); *but see Humitech Dev. Corp. v. Perlman*, 424 S.W.3d 782, 794 (Tex.App.–Dallas 2014, no pet.) (noting that courts have traditionally permitted certain common-law, nonstatutory grounds for vacatur under the TAA and analyzing the appellant's common-law grounds despite doubt as to their "continued

viability"); *Aspri Invs., LLC v. Afeef*, No. 04–10–00573–CV, 2011 WL 3849487, at *7 (Tex. App.–San Antonio Aug. 31, 2011, pet. dism'd) (mem.op.) ("[T]he Texas courts of appeals recognize some common law defenses as being cumulative of the statutory grounds for vacatur."); *Pheng Invs., Inc. v. Rodriguez*, 196 S.W.3d 322, 329 (Tex.App.–Fort Worth 2006, no pet.) (noting that "[s]tatutory arbitration is cumulative of the common law" and analyzing both statutory and common-law vacatur grounds).

**5.** The parties agreed to arbitrate under the TAA, and neither party contends that the Federal Arbitration Act (FAA) applies. *See Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 97–98 n. 64 (Tex.2011) ("The TAA and the FAA may both be applicable to an agreement, absent the parties' choice of one or the other.").

intention is apparent from the statute's context. *City of Hous. v. Bates,* 406 S.W.3d 539, 543–44 (Tex.2013). Finally, we have recognized that "[b]ecause Texas law favors arbitration, judicial review of an arbitration award is extraordinarily narrow." *E. Tex. Salt Water Disposal Co. v. Werline,* 307 S.W.3d 267, 271 (Tex.2010).

The TAA states that the court, on application of a party, "shall confirm" an arbitration award "[u]nless grounds are offered for vacating, modifying, or correcting [it] under Section 171.088 or 171.091."[6] Tex. Civ. Prac. & Rem. Code § 171.087. Section 171.088 in turn states in pertinent part:

(a) On application of a party, the court shall vacate an award if:

(1) the award was obtained by corruption, fraud, or other undue means;

(2) the rights of a party were prejudiced by:

(A) evident partiality by an arbitrator appointed as a neutral arbitrator;

(B) corruption in an arbitrator; or

(C) misconduct or wilful misbehavior of an arbitrator;

(3) the arbitrators:

(A) exceeded their powers;

(B) refused to postpone the hearing after a showing of sufficient cause for the postponement;

(C) refused to hear evidence material to the controversy; or

(D) conducted the hearing, contrary to [various statutory provisions], in a manner that substantially prejudiced the rights of a party; or

(4) there was no agreement to arbitrate, the issue was not adversely deter-

mined in a proceeding under Subchapter B, and the party did not participate in the arbitration hearing without raising the objection.

*Id.* § 171.088(a).

The statutory text could not be plainer: the trial court "shall confirm" an award unless vacatur is required under one of the enumerated grounds in section 171.088. *Id.* § 171.087. As the court of appeals correctly determined, the TAA leaves no room for courts to expand on those grounds, which do not include an arbitrator's manifest disregard of the law.

Leonard argues that this conclusion conflicts with our decision in *Nafta Traders.* We disagree. In that case, the parties' arbitration agreement stated that the "arbitrator does not have authority (i) to render a decision which contains a reversible error of state or federal law, or (ii) to apply a cause of action or remedy not expressly provided for under existing state or federal law." *Nafta Traders,* 339 S.W.3d at 88. The parties thus essentially agreed "to limit [the] arbitrator's power to that of a judge, whose decisions are reviewable on appeal." *Id.* at 93. Noting the well-established rule that an "arbitrator derives his power from the parties' agreement to submit to arbitration," *id.* at 90 (internal quotation marks and citation omitted), we found no valid reason to foreclose the parties' agreed limitation on that power and held that the arbitration award in that case was subject to judicial review for reversible error, *id.* at 97. Accordingly, the assertion by the party seeking vacatur that the arbitrator committed reversible error fell within an enumerated vacatur ground under the TAA. *See id.*; Tex. Civ. Prac. & Rem. Code § 171.088(a)(3)(A) (requiring vacatur of an

---

**6.** Section 171.091 requires the court to modify or correct an award if it contains clerical errors or involves "a matter not submitted to"

the arbitrators. That section does not apply here.

arbitration award if the arbitrators "exceeded their powers").[7]

The arbitration agreement in this case contained no restriction (either directly or indirectly) on the arbitrator's authority to issue a decision unsupported by the law. Unlike the reversible-error challenge to the award in *Nafta Traders*, Leonard's manifest-disregard complaints cannot be characterized as assertions that the arbitrator exceeded his powers. Nor does Leonard argue that those complaints are encompassed by any other statutorily enumerated vacatur ground. Thus, our holding in *Nafta Traders* does not support Leonard's broad contention that parties may obtain vacatur of an arbitration award on a common-law ground that is not enumerated in the TAA. To the contrary, we recognized in *Nafta Traders* that "the default under the TAA ... is restricted judicial review." 339 S.W.3d at 101.

To the extent the courts of appeals have relied on our decision in *L.H. Lacy Co. v. City of Lubbock*, 559 S.W.2d 348 (Tex. 1977), to support the erroneous conclusion that the TAA's vacatur grounds are not exclusive, such reliance is misplaced. We did acknowledge in *Lacy* that "a dual system of arbitration has existed in Texas, and the statutory method has been viewed as cumulative of the common law." *Id.* at 351.[8] However, *Lacy* involved an agreement to arbitrate a construction dispute, which was not covered by the version of the TAA then in effect. *Id.* at 350 ("Because the Texas General Arbitration Act exempts construction contracts from its coverage, the Act is not applicable here."). In holding that the agreement was enforceable, we recognized Texas's dual system and explained that in "contracts *not* governed by the Act, this court's function is to judge the validity of arbitration agreements under such common law rules as may be relevant." *Id.* at 352 (emphasis added). *Lacy* simply does not speak to the common law's application to arbitration agreements that *are* governed by the TAA.

In sum, the TAA mandates that, *unless* a statutory vacatur ground is offered, the court *shall* confirm the award. TEX. CIV. PRAC. & REM. CODE § 171.087. Thus, a party may avoid confirmation only by demonstrating a ground expressly listed in section 171.088.[9] Leonard complains that "the TAA contains gaps that need [common-law] supplementation" in order to foreclose arbitration awards that are "unquestionably" improper. But we may not rewrite or supplement a statute to overcome its perceived deficiencies. The

---

7. In so holding, we disagreed with the United States Supreme Court's interpretation of similar language in the FAA in *Hall Street Associates v. Mattel, Inc.*, 552 U.S. 576, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008). In *Hall Street*, the Supreme Court reviewed an arbitration agreement stating that "the court could 'enter judgment on any award' unless 'the arbitrator's findings of fact are not supported by substantial evidence, or ... the arbitrator's conclusions of law are erroneous.'" *Nafta Traders*, 339 S.W.3d at 91 (quoting *Hall St.*, 552 U.S. at 579, 128 S.Ct. 1396). The Supreme Court held that the agreement "impermissibly enlarged the grounds for vacating or modifying an arbitration award under the FAA." *Id.* (citing *Hall St.*, 552 U.S. at 592, 128 S.Ct. 1396). We declined to apply this rea-

soning to the TAA, concluding that the statutory provision authorizing vacatur if an arbitrator exceeded his power—which is in both the FAA and the TAA—"undercut[s] the Supreme Court's textual analysis." *Id.* at 92.

8. *Lacy* is commonly cited for this proposition. *See, e.g., Vorwerk ex rel. Vorwerk v. Williamson Cty. Grain, Inc.*, No. 03–10–00549–CV, 2012 WL 593481, at *4 n. 18 (Tex.App.–Austin Feb. 23, 2012, pet. denied) (mem.op.); *Collins v. Tex Mall, L.P.*, 297 S.W.3d 409, 415 n. 14 (Tex.App.–Fort Worth 2009, no pet.).

9. As noted, parties may also offer grounds to correct or modify the award under section 171.089.

parties signed an agreement to arbitrate under the TAA, and that agreement contained no limitations on the arbitrator's authority beyond those enumerated in the statute. Because manifest disregard is not an enumerated vacatur ground under section 171.088, the court of appeals correctly declined to consider it in affirming the trial court's confirmation order.[10]

## III. Hearing Rights

■ As his lone statutory ground for vacatur on appeal, Leonard asserts that the arbitrator "conducted the hearing" contrary to section 171.047 "in a manner that substantially prejudiced [his] rights." *Id.* § 171.088(a)(3)(D). Specifically, Leonard argues that the arbitrator erred by issuing a final award without holding a hearing on Leonard's supplemental complaint,[11] which he filed after the arbitrator granted summary judgment in Clifton and the Company's favor.

The court of appeals held that the supplemental claims asserted against Clifton and the Company presented an issue of standing that was identical to the basis on which the arbitrator granted summary judgment, and that Leonard was not entitled to an additional hearing. 498 S.W.3d at 83, 2014 WL 5176384, at *5. As support, the court of appeals cited case law for the proposition that summary judgment may be granted on later-pleaded claims if the grounds asserted in a previously filed summary-judgment motion conclusively demonstrate the plaintiff could not recover on

those later claims. *Id.* at *5; *see, e.g., Am. Zurich Ins. Co. v. Barker Roofing, L.P.,* 387 S.W.3d 54, 67 (Tex.App.–Amarillo 2012, no pet.) (holding summary judgment could be granted as to new claims added before the motion was decided); *Ritter v. Las Colonitas Condo. Ass'n,* 319 S.W.3d 884, 891 (Tex.App.–Dallas 2010, no pet.) (upholding summary judgment on claims added after the motion was filed but before the motion was disposed).

Leonard argues that this case is distinguishable because he filed supplemental claims after disposition of the summary-judgment motion, while in the cited cases the plaintiffs amended their claims while the motion was still pending. We acknowledge this distinction but do not find it material. We need not and do not decide whether summary judgment was properly granted; rather, we must decide whether, in light of the supplemental complaint, the arbitrator's refusal to hold a second hearing amounted to a violation of the TAA's hearing requirements that "substantially prejudiced" Leonard's rights. TEX. CIV. PRAC. & REM. CODE § 171.088(a)(3)(D).

In the court of appeals, Leonard conceded that his original "complaint 'focused' on the conveyance of the Tilden Ranch which was the basis of Clifton and the Company's motion for summary judgment." 498 S.W.3d at 83–85, 2014 WL 5176384, at *5. The complaint also asserted various claims involving Hazel's alleged breach of fiduciary duties that were ultimately dismissed or severed after sum-

---

**10.** Leonard requests that, in the event we find the TAA's vacatur grounds are exclusive, we remand the case to the court of appeals in the interest of justice to allow him to argue such grounds. We decline to do so. Leonard chose to limit the majority of his arguments on appeal to those supporting common-law vacatur grounds amidst a split of authority on whether those grounds were viable. He may not now have a second bite at the apple.

**11.** Section 171.047 entitles a party to "be heard," to "present evidence material to the controversy," and to "cross-examine any witness." TEX. CIV. PRAC. & REM. CODE § 171.047. Leonard does not complain that the arbitrator violated his hearing rights by resolving Leonard's claims on summary judgment.

mary judgment was granted. Because Leonard's vacatur argument hinges on the arbitrator's failure to hold an additional hearing after Leonard filed the supplemental complaint, the court of appeals parsed that pleading for any new claims that were not addressed by the summary-judgment motion or the severance of Hazel's claims. *Id.* We do the same.

In his supplemental complaint, Leonard again challenged the Tilden Ranch conveyance, but also sought to set aside two additional conveyances of mineral interests by the Company (one to Clifton, the other to a living trust created by Hazel) and asserted a claim for breach of fiduciary duty against Hazel in her capacities as trustee, executrix, and officer, director, and shareholder of the Company. "In summary, the supplemental complaint alleged: (1) wrongful acts by Hazel; (2) wrongful transfers by Hazel in multiple capacities; and (3) wrongful transfers by the Company of two mineral estates." *Id.* In his prayer for relief, Leonard asked only "that all wrongful transfers and sales by Hazel in her multiple capacities and [the Company] be identified, annulled and voided."

As the court of appeals recognized, the claims involving Company conveyances of real property were encompassed by the arbitrator's grant of summary judgment based on Leonard's lack of standing to challenge those conveyances. To the extent Leonard complained of Hazel's actions beyond the conveyances, the arbitrator severed such claims after issuing the final award. We thus agree with Clifton and the Company that an additional hearing would have been redundant.

Leonard maintains that he raised new, unresolved issues in his supplemental complaint by alleging that Hazel, rather than the Company, conveyed the relevant mineral interests. Assuming that this would

have been a relevant distinction, it flows from a mischaracterization of the record. The supplemental complaint's description of the newly challenged conveyances confirms that Hazel conveyed the property interests under her authority to act on behalf of the Company. And the arbitrator affirmatively concluded that Leonard lacked standing to challenge property conveyances by the Company. Whether that conclusion was correct is not before us, but it applies with equal force to the allegations in both Leonard's original and supplemental pleadings, as "the only difference" between the two is "the property conveyed." 498 S.W.3d at 84–85, 2014 WL 5176384, at *5. Accordingly, the arbitrator's failure to conduct a second hearing did not amount to a violation of the TAA's hearing requirements, nor did it "substantially prejudice" Leonard's rights. Tex. Civ. Prac. & Rem. Code § 171.088(a)(3)(D).

## IV. Conclusion

The TAA's plain language confirms that, in proceedings governed by that statute, section 171.088 provides the exclusive grounds for vacatur of an arbitration award. Because manifest disregard is not included in section 171.088, and because the parties did not agree to limit the arbitrator's authority so as to authorize vacatur on that basis, Leonard's attempt to vacate the award on the basis of manifest disregard must fail. Furthermore, having carefully reviewed the record, we agree with the court of appeals that the claims raised in Leonard's supplemental complaint were substantively disposed of by the arbitrator's summary judgment. We express no opinion on the merits of that judgment; we hold only that Leonard's supplemental complaint did not entitle him to an additional hearing under the TAA. We affirm the court of appeals' judgment.

JUSTICE WILLETT filed a concurring opinion.

JUSTICE WILLETT, concurring.

The Court holds that the Texas Arbitration Act (TAA) provides the exclusive grounds for vacatur of an arbitration award where the proceedings are governed by the TAA. The plain text of the TAA compels that result, and I join the majority opinion in full.

I write briefly, however, to underscore the significance of today's decision. For decades, Texas courts and attorneys have quietly questioned whether common-law vacatur doctrines are viable alongside the TAA's vacatur grounds.[1] Manifest disregard, as featured in today's case, is one such doctrine. Gross mistake is another, and we have twice this millennium avoided addressing its viability.[2] We resolve that debate today. Our holding that the TAA's vacatur grounds are exclusive establishes that manifest disregard and, for all practical purposes, all other common-law vacatur doctrines are no longer viable with regard to arbitrations governed by the TAA.

The upshot of today's decision is that we avoid the sort of quagmire that surrounds the TAA's federal counterpart, the Federal Arbitration Act (FAA). In recent years, the United States Supreme Court has "cast severe doubt on, and nearly eliminated,"[3] manifest disregard as a viable common-law vacatur doctrine vis-à-vis the FAA.[4] That doubt has produced disarray in the literature and lower courts. Commentators' descriptions of manifest disregard's embattled viability have ranged from "much ado about nothing,"[5] to "alive

1. See, e.g., Callahan & Assocs. v. Orangefield Indep. Sch. Dist., 92 S.W.3d 841, 844 (Tex. 2002) (per curiam) ("Similarly, assuming without deciding that OISD may rely on the gross mistake standard under the common law to attack the arbitrator's award.... "); Ewing v. Act Catastrophe-Tex. L.C., 375 S.W.3d 545, 550 (Tex.App.–Houston [14th Dist.] 2012, pet. denied) ("Presuming, without deciding, that common-law grounds for vacating an arbitration award still may be used to vacate an award under the Texas Act .... "); see also Campbell Harrison & Dagley, L.L.P. v. Hill, 782 F.3d 240, 244–45 (5th Cir.2015) (observing that "[t]he Texas Supreme Court has not spoken on [the] issue" of whether common-law vacatur doctrines remain viable vis-à-vis the TAA).

2. See E. Tex. Salt Water Disposal Co. v. Werline, 307 S.W.3d 267, 270 n. 7 (Tex.2010) ("Although the Company did not assert any statutory basis for vacating the award, the court held that the common law, in addition to the TAA, allows an arbitration to be set aside for ... such gross mistake as would imply bad faith and failure to exercise honest judgment.... We express no opinion on this issue." (quotation marks and citation omitted)); see also Callahan & Assocs., 92 S.W.3d at 844.

3. E.g., Edward C. Dawson, Speak Now or Hold Your Peace: Prearbitration Express Waiv-

ers of Evident–Partiality Challenges, 63 AM. U.L. REV. 307, 326 (2013).

4. See Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 672 n. 3, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010) ("We do not decide whether manifest disregard survives our decision in Hall Street ... as an independent ground for review or as a judicial gloss on the enumerated grounds for vacatur set forth at 9 U.S.C. § 10." (quotation marks and citation omitted)); Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 585, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008) ("Maybe the term 'manifest disregard' was meant to name a new ground of review, but maybe it merely referred to the § 10 grounds collectively, rather than adding to them. Or, as some courts have thought, 'manifest disregard' may have been shorthand for § 10(a)(3) or § 10(a)(4), the paragraphs authorizing vacatur when the arbitrators were guilty of misconduct or exceeded their powers." (quotation marks and citations omitted)).

5. MyLinda K. Sims & Richard A. Bales, Much Ado About Nothing: The Future of Manifest Disregard After Hall Street, 62 S.C. L. REV. 407 (2010); Weathers P. Bolt, Note, Much Ado About Nothing: The Effect of Manifest Disregard on Arbitration Agreement Decisions, 63 ALA. L. REV. 161 (2011).

but not well,"[6] to "dead,"[7] and triumphantly to "back from the dead."[8] The courts' reactions are equally varied. Some have held that manifest disregard is no longer a viable vacatur doctrine.[9] Others have held that whether manifest disregard remains viable is an open question and have applied the doctrine assuming viability without deciding it.[10] Still others have held that manifest disregard remains viable in some form or another.[11] And so

**6.** Kevin Patrick Murphy, Note, *Alive but Not Well: Manifest Disregard After* Hall Street, 44 Ga. L. Rev. 285 (2009).

**7.** Albert G. Besser, *Arbitration Vacatur: The Supreme Court Bars One Route and Muddles the Other—Manifest Mistake Is Dead!*, 34 Vt. B.J. 67 (2008).

**8.** Leigh F. Gill, Note & Comment, *Manifest Disregard After* Hall Street: *Back from the Dead–The Surprising Resilience of a Non–Statutory Ground for Vacatur*, 15 Lewis & Clark L. Rev. 265 (2011).

**9.** *See, e.g., S. Commc'ns Servs., Inc. v. Thomas,* 720 F.3d 1352, 1358 (11th Cir.2013) ("In light of the Court's decision in *Hall Street*, we held that the judicially-created bases for vacatur we had formerly recognized, such as where an arbitrator behaves in manifest disregard of the law, are no longer valid." (quotation marks omitted)); *Air Line Pilots Ass'n Int'l v. Trans States Airlines, LLC,* 638 F.3d 572, 578 (8th Cir.2011) ("We have since explained the Supreme Court's decision in *Hall Street* ... eliminated judicially created vacatur standards under the FAA, including manifest disregard for the law."); *Citigroup Glob. Mkts., Inc. v. Bacon,* 562 F.3d 349, 358 (5th Cir.2009) ("In the light of the Supreme Court's clear language that, under the FAA, the statutory provisions are the exclusive grounds for vacatur, manifest disregard of the law as an independent, nonstatutory ground for setting aside an award must be abandoned and rejected.... Thus from this point forward, arbitration awards under the FAA may be vacated only for reasons provided in § 10 [of the FAA]."); *see also Cunningham v. LeGrand,* 237 W.Va. 68, 71, 785 S.E.2d 265, 268 (2016); *Visiting Nurse Ass'n of Fla., Inc. v. Jupiter Med. Ctr., Inc.,* 154 So.3d 1115, 1132 (Fla.2014); *Tucker v. Ernst & Young, LLP,* 159 So.3d 1263, 1273–75 (Ala.2014) (all foreclosing manifest disregard).

**10.** *See, e.g., Whitehead v. Pullman Grp., LLC,* 811 F.3d 116, 120–21 (3d Cir.2016) ("Whether this standard survived the Supreme Court's conclusion in *Mattel* that the Federal Arbitration Act provides the 'exclusive grounds' for vacating an arbitral award is an open question. A circuit split has since developed, and this Court has not yet weighed-in. We decline the opportunity to do so now." (footnotes omitted)); *Raymond James Fin. Servs., Inc. v. Fenyk,* 780 F.3d 59, 64–65 (1st Cir.2015) ("Whether the manifest-disregard doctrine remains good law, however, is uncertain.... We need not resolve the uncertainty over 'manifest disregard' here. As we explain below, even assuming the doctrine remains available, it would not invalidate the award in this case."); *see also Worman v. BP Am. Prod. Co.,* 248 P.3d 644, 648 (Wyo.2011) (stating "we are inclined to conclude that manifest mistake of law is no longer a valid basis for vacating an arbitration award under the Federal Arbitration Act," but conducting a manifest-disregard analysis anyway, given the "uncertainty in the federal authority").

**11.** *See, e.g., In re Wal–Mart Wage and Hour Emp't Practices Litig.,* 737 F.3d 1262, 1267 n. 7 (9th Cir.2013) ("Courts may also vacate arbitration awards on the basis of an arbitrator's manifest disregard for law.... 'Although the words "manifest disregard for law" do not appear in the FAA, they have come to serve as a judicial gloss on the standard for vacatur set forth in FAA § 10(a)(4).'" (quoting *Johnson v. Wells Fargo Home Mortg., Inc.,* 635 F.3d 401, 414 (9th Cir.2011))); *Wachovia Secs., LLC v. Brand,* 671 F.3d 472, 483 (4th Cir.2012) ("We read this footnote [in *Stolt–Nielsen* ] to mean that manifest disregard continues to exist either as an independent ground for review or as a judicial gloss on the enumerated grounds for vacatur set forth at 9 U.S.C. § 10." (quotation marks omitted)); *Affymax, Inc. v. Ortho–McNeil–Janssen Pharm., Inc.,* 660 F.3d 281, 285 (7th Cir.2011) ("Except to the extent recognized in *George Watts & Son,* 'manifest disregard of the law' is not a ground on which a court may reject an arbitrator's award under the Federal Arbitration Act.").

courts and commentators await a definitive answer from the Supreme Court.

No such uncertainty exists with regard to the exclusivity of the TAA's vacatur grounds. Participants in arbitrations governed by the TAA now know that an award can be vacated *only* under the TAA's enumerated grounds.[12] No glosses on those statutory bases, no smuggling common law in through the back door— and no judicial intermeddling with the Legislature's carefully circumscribed bases for judicial review of an arbitration award. Exclusive means exclusive.

---

**12.** Indeed, even if participants agree to "limit[] the authority of an arbitrator in deciding a matter and thus allow[] for judicial review of an arbitration award for reversible error," *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 97 (Tex.2011), review would still be conducted under the statutory provision requiring vacatur when "arbitrators [have] exceeded their powers," *see* Tex. Civ. Prac. & Rem. Code § 171.088(a)(3)(A).