

# NUMBER 13-19-00523-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

INSURAPRISE, INC.,                                                      Appellant,

v.

PAMELA BOEVE,                                                          Appellee.

On appeal from the 26th District Court
of Williamson County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Benavides**

Appellant Insuraprise, Inc. (Insuraprise) challenges the confirmation of an arbitrator's award in favor of appellee Pamela Boeve. By one issue, Insuraprise argues on appeal that the arbitrator exceeded his power and the award should be vacated and the case remanded back to arbitration. We affirm.

# I. BACKGROUND[1]

Insuraprise provides Medicare supplemental insurance to its customers. Boeve began working for Insuraprise on November 16, 2010, when she entered into a Representative Agreement (Agreement) with Insuraprise. The Agreement contained an arbitration clause (Section 15), choice of law clause (Section 11), a trade secret clause (Section 5), non-compete clauses (Section 6), and a clause regarding any unenforceable clauses, paragraphs, terms, or provisions in the contract (Section 12). In April 2016, Boeve was terminated because she allegedly attempted to cancel and renew an existing policy without the consent or knowledge of the client, in order to obtain commissions.

Boeve sued Insuraprise stating that (1) she was still entitled to her vested commissions that she secured while employed and (2) Insuraprise was wrongfully withholding those vested commissions. She raised claims of breach of contract, fraud, and quantum meruit, and she requested a declaratory judgment stating the non-compete was invalid. Insuraprise responded stating that Boeve had violated the Agreement and was not entitled to or forfeited her vested commissions. It filed counterclaims for (1) breach of contract, (2) common law fraud and fraudulent concealment, (3) misrepresentation, and (4) violations of the non-compete.

The case proceeded before an arbitrator as called for by the Agreement. After three days of evidence, the arbitrator found that "a preponderance of the credible evidence showed that neither [Boeve] or [Insuraprise] were guilty of any fraud or

---

[1] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

intentional misrepresentation of the facts." The arbitrator found that the focus of the disagreement between the parties "concerns firing for cause and Section 9 of the [Agreement] which addresses 'vesting of commissions after termination.'" He also did

> not find that a preponderance of the evidence proved that [Boeve] cancelled or attempted to cancel the [subject] policy. The miscommunication between the parties lead [sic] to false accusations against each other for fraud and misrepresentation of the facts. [Insuraprise] clearly had the right to terminate the employment of [Boeve]. Texas is an at will [sic] employment state. However, I do not find [Boeve]'s termination was for a just cause but rather mistaken reasons.

The arbitrator found that Boeve was entitled to vested commissions of $120,000, but did not find evidence to support her claim of fraud or quantum meruit. He also found that the evidence did not support Insuraprise's counterclaims for breach of contract, common law fraud, fraudulent concealment, misrepresentation, or a violation of the non-compete. The arbitrator also stated that the non-compete lacked a "reasonable restriction as to time and geographic area and is therefore unenforceable."

Boeve filed a motion to confirm the arbitration award. Insuraprise filed a motion to vacate the arbitration award stating that the arbitrator was mistaken by (1) voiding the non-compete instead of reforming it, and (2) finding Insuraprise did not have cause to terminate Boeve but had a good faith belief it had cause to terminate Boeve. Insuraprise argued that the arbitrator's decision was made in "manifest disregard of law." The trial court issued an order confirming the arbitration award. This appeal followed.

## II.    ARBITRATION AWARD

By its sole issue, Insuraprise argues that the arbitrator exceeded his authority in determining his award.

3

## A. Standard of Review

Arbitration is strongly favored by Texas law, and judicial review of an arbitration award is extraordinarily narrow. *See E. Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010); *Black v Shor*, 443 S.W.3d 154, 161 (Tex. App.—Corpus Christi–Edinburg 2013, pet. denied). "Subjecting arbitration awards to judicial review adds expense and delay, thereby diminishing the benefits of arbitration as an efficient, economical system for resolving disputes." *CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002). An arbitration award is given the same effect as a judgment of last resort and all reasonable presumptions are indulged in favor of the award and none against it. *Id*. Accordingly, we review a trial court's decision to vacate or confirm an arbitration award de novo, and we review the entire record. *Black*, 443 S.W.3d at 161. Although we review de novo a trial court's judgment confirming an arbitration award, we give "strong deference to the arbitrator with respect to issues properly left to the arbitrator's resolution." *Xtria L.L.C. v. Int'l Ins. Alliance Inc.*, 286 S.W.3d 583, 591 (Tex. App.—Texarkana 2009, pet. denied). Our review focuses on the integrity of the process, not the propriety of the result. *Black*, 443 S.W.3d at 162.

## B. Applicable Law and Discussion

The Texas Arbitration Act (TAA) states that a court, on application of a party, "shall confirm" an arbitration award "unless grounds are offered for vacating, modifying, or correcting [it] under [§§] 171.088 or 171.091" of the Texas Civil Practice and Remedies Code. *Hoskins v. Hoskins*, 497 S.W.3d 490, 494 (Tex. 2016). Manifest disregard is not one of the grounds found in the civil practice and remedies code. *See* TEX. CIV. PRAC. &

REM. CODE ANN §§ 171.088, 171.091. The TAA leaves "no room for courts to expand on those grounds, which do not include an arbitrator's manifest disregard for the law." *Hoskins*, 497 S.W.3d at 494. Additionally, under the Federal Arbitration Act (FAA), there are circumstances in which a court may vacate an arbitration award, and if manifest disregard for the law is valid is cast in "severe doubt." *Hoskins*, 497 S.W.3d at 498–500; *see* 9 U.S.C.A. § 10(a); *see also WEH-SLMP Invs., L.L.C. v Wrangler Energy, L.L.C.*, No. 05-19-00271-CV, 2020 WL 994697, at *4 fn. 2 (Tex. App.—Dallas Mar. 3, 2020, no pet.) (mem. op.) ("The federal circuit courts are split as to whether "manifest disregard" survived *Hall Street* as an independent ground for review or as a "judicial gloss" on the statutory grounds for vacatur."); *McArdle v. Nelson*, No. 03-08-00057-CV, 2010 WL 1253571, at *3 (Tex. App.—Austin Mar. 31, 2010, no pet.) (mem. op.) (listing the four circumstances under which a trial court may vacate an arbitration award under the FAA).

In its appeal, Insuraprise argues solely that the arbitrator exceeded his authority and asks this Court to remand the case back to the arbitrator. However, Boeve pointed out that Insuraprise did not raise this issue before the trial court, but instead asked the trial court to vacate the arbitration award under a "manifest disregard for the law."

It is abundantly clear that a party seeking to vacate an arbitration award must present any ground for doing so to the trial court, otherwise, those complaints are waived. *See* TEX. R. APP. P. 33.1(a) (stating that generally, to preserve a complaint for appellate review, a party must complain to the trial court by a timely request, objection, or motion, and the trial court must rule or refuse to rule on the request, objection, or motion). There are "important prudential considerations" behind our rules on preserving error. *ACI Design*

5

*Build Contractors Inc. v. Loadholt*, __S.W.3d__, __, No. 03-19-00442-CV, 2020 WL 4462662, at *2 (Tex. App.—Austin July 17, 2020, no pet. h.) (quoting *In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003)). First, requiring that parties initially raise complaints in the trial court conserves judicial resources by providing trial courts the opportunity to correct errors before appeal. *Id.* Second, judicial decision-making is more accurate when trial courts have the first opportunity to consider and rule on error. *Id.* Third, a party "should not be permitted to waive, consent to, or neglect to complain about an error at trial and then surprise his opponent on appeal by stating his complaint for the first time." *In re B.L.D.*, 113 S.W.3d at 350. Here, because Insuraprise raised a different issue before the trial court, the trial court did not have the ability to review and rule on the issue now raised for the first time on appeal. Additionally, Boeve did not have a chance to respond to the issue Insuraprise now raised, but instead responded to the previously raised issue. We conclude that Insuraprise failed to preserve the issue that the arbitrator exceeded his authority. *See* TEX. R. APP. P. 33.1(a). We overrule Insuraprise's sole issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Delivered and filed the
8th day of October, 2020.