

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00460-CV

**MILLSWORTH ENTERPRISES, LLC**,
Appellant

v.

**TEXAS FIRST RENTALS, LLC**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2021CI04865
Honorable Tina Torres, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Luz Elena D. Chapa, Justice
Beth Watkins, Justice

Delivered and Filed: July 26, 2023

AFFIRMED

Appellant Millsworth Enterprises, LLC challenges the trial court's order confirming an arbitration award in favor of appellee Texas First Rentals, LLC. We affirm the trial court's order.

## BACKGROUND

In 2019, Millsworth rented several pieces of equipment from Texas First on credit. Each of the rental invoices included an arbitration clause:

> Parties agree to submit to binding arbitration for any dispute arising out of or relating to this transaction. Either party may initiate arbitration which shall be conducted in accordance with commercial arbitration rules of the American Arbitration Association, in San Antonio, Bexar County, Texas. Each party shall

bear its own costs and attorney's fees unless the arbitrators award such fees to a party, each party shall share equally the cost of the arbitration.

On March 16, 2021, Texas First sued Millsworth in Bexar County District Court on claims of sworn account and breach of contract, alleging that Millsworth had failed to pay $68,670.37. Millsworth moved to compel arbitration, and the trial court granted Millsworth's motion.

During the arbitration, Millsworth did not dispute that it had failed to pay the amount Texas First claimed. However, it filed a counterclaim alleging that Texas First breached the parties' contract by initiating litigation. As relief for this counterclaim, Millsworth sought the attorney's fees it incurred in moving to compel arbitration. The arbitrator found in favor of Texas First, denied Millsworth's counterclaim, and ordered Millsworth to pay damages, pre- and post-judgment interest, and attorney's fees.

Texas First filed a motion in the trial court to confirm the arbitration award under the Texas Arbitration Act. Millsworth filed a response asking the trial court to vacate or modify the award because the arbitrator "committed gross error or a manifest disregard of the law." On June 24, 2022, the trial court signed an order confirming the award. Millsworth then filed this appeal.

## ANALYSIS

In a single issue, Millsworth argues the trial court erred by confirming the arbitration award because the arbitrator committed gross error or a manifest disregard for the law by failing to award Millsworth the attorney's fees it incurred to compel arbitration.

### *Standard of Review*

We review a trial court's order confirming an arbitration award de novo. *GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 262 (Tex. App.—San Antonio 2003, pet. denied). Our "review of arbitration awards is extraordinarily narrow," and "we must indulge every reasonable presumption in favor of upholding the arbitration award." *Id.* "An arbitration award has

the same effect as a judgment of a court of last resort, and it is presumed valid and entitled to great deference." *Acra v. Bonaudo*, No. 05-17-00451-CV, 2018 WL 3238133, at *2 (Tex. App.—Dallas July 3, 2018, no pet.) (mem. op.).

### *Applicable Law*

The arbitration agreement in this case did not specify whether the Federal Arbitration Act or the Texas Arbitration Act applied to the parties' agreement. *See Black v. Shor*, 443 S.W.3d 154, 162 (Tex. App.—Corpus Christi–Edinburg 2013, pet. denied). "The FAA applies to maritime transactions and transactions involving [interstate] commerce[.]" *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 97 n.64 (Tex. 2011) (citing 9 U.S.C. § 2). With exceptions that do not apply here, "[t]he TAA applies to written arbitration agreements[.]" *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.001, 171.002). "The TAA and the FAA may both be applicable to an agreement, absent the parties' choice of one or the other." *Id.*

Under the FAA, a trial court may vacate an arbitration award if the challenging party establishes:

(1) the award resulted from "corruption, fraud, or undue means";

(2) the arbitrators were partial or corrupt;

(3) the arbitrators committed certain specified types of misconduct; or

(4) "the arbitrators exceeded their powers[.]"

9 U.S.C. § 10(a). A trial court may modify or correct an arbitrator's award if the challenging party shows:

(1) "there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award";

(2) the arbitrators based their award on "a matter not submitted to them" that affected the merits of the decision; or

> (3) "the award is imperfect in matter of form not affecting the merits of the controversy."

9 U.S.C. § 11. The United States Supreme Court has held that these statutory grounds are the exclusive means for challenging an award under the FAA. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 578, 586–90 (2008). "*Hall Street* forecloses any common-law grounds for vacatur of an arbitration award such as manifest disregard of the law and gross mistake." *Royce Homes, L.P. v. Bates*, 315 S.W.3d 77, 90 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

Like the FAA, the TAA "provides the exclusive grounds for vacatur of an arbitration award." *Hoskins v. Hoskins*, 497 S.W.3d 490, 497 (Tex. 2016). Under the TAA, a trial court must confirm an arbitration award unless the challenging party establishes statutory grounds for vacating, modifying, or correcting the award. TEX. CIV. PRAC. & REM. CODE ANN. § 171.087. The TAA permits vacatur of an arbitration award if:

> (1) "the award was obtained by corruption, fraud, or other undue means";
>
> (2) a party's rights were prejudiced by the arbitrator's evident partiality, corruption, misconduct, or willful misbehavior;
>
> (3) the arbitrator exceeded her powers, refused to postpone the hearing after a showing of sufficient cause, refused to hear material evidence, or conducted the hearing "in a manner that substantially prejudiced the rights of a party"; or
>
> (4) the parties did not agree to arbitrate and the complaining party did not participate in the arbitration without objection.

TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a). A trial court may modify or correct an award if:

> (1) the award contains an evident numerical miscalculation or "an evident mistake in the description of a person, thing, or property referred to in the award";
>
> (2) the arbitrator made an award on an issue not submitted to her and the error can be corrected without affecting the merits of the submitted issues; or
>
> (3) there is an error in the form of the award that can be corrected without affecting the merits of the decision.

TEX. CIV. PRAC. & REM. CODE ANN. § 171.091(a). "The statutory text [of the TAA] could not be plainer" that confirmation of the award is required unless the challenging party establishes statutory grounds to the contrary. *Hoskins*, 497 S.W.3d at 494.

### *Application*

Millsworth has not disputed that either the FAA or the TAA governs this dispute, and it cited both in the trial court. Additionally, Texas First sought to confirm the award under the TAA, and Millsworth did not challenge its reliance on that statutory scheme. Finally, "this case does not fall within any of the statutory exceptions to the TAA's applicability[.]" *Lorant v. 2016 Parkview Condos. Dev. LLC*, No. 02-22-00032-CV, 2022 WL 16845110, at *4 n.10 (Tex. App.—Fort Worth Nov. 10, 2022, no pet.) (mem. op). Under these circumstances, we will apply both the FAA and the TAA here. *See Nafta Traders*, 339 S.W.3d at 97 n.64.

Millsworth does not challenge the arbitrator's award under any statutory grounds listed in the FAA or the TAA. Instead, it challenges the award under common-law grounds of gross error and manifest disregard for the law. *See Royce Homes*, 315 S.W.3d at 90. However, it is well-established that neither the FAA nor the TAA permits vacatur or modification of an arbitration award on common-law grounds. *See, e.g.*, *Hoskins*, 497 S.W.3d at 495; *Lorant*, 2022 WL 16845110, at *2; *Saiz v. Susser Holdings Corp.*, No. 04-14-00487-CV, 2015 WL 1089605, at *3 (Tex. App.—San Antonio Mar. 11, 2015, no pet.) (mem. op.); *Casa Del Mar Ass'n, Inc. v. Williams & Thomas, L.P.*, 476 S.W.3d 96, 99–100 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Royce Homes*, 315 S.W.3d at 90. The trial court did not err by concluding that the plain language of the FAA and the TAA required it to confirm the arbitrator's award. 9 U.S.C. §§ 10, 11; TEX. CIV. PRAC. & REM. CODE §§ 171.088(a), 171.091(a); *Hall St.*, 552 U.S. at 578; *Hoskins*, 497 S.W.3d at 497.

For this reason, we overrule Millsworth's sole issue on appeal.

## CONCLUSION

We affirm the trial court's order.

Beth Watkins, Justice