

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00088-CV

Travis **WHITE**,
Appellant

v.

Damon **WOODS** and Kimberlye Woods,
Appellees

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 22-0230-CV-C
Honorable William D. Old III, Judge Presiding

Opinion by: Lori Massey Brissette, Justice

Sitting: Irene Rios, Justice
Lori Massey Brissette, Justice
Adrian A. Spears II, Justice

Delivered and Filed: March 25, 2026

AFFIRMED

Appellant Travis White appeals the trial court's order denying his motion to vacate the arbitration award and granting appellees Damon Woods and Kimberlye Woods's motion to confirm the arbitration award. Based on the law and the record, we affirm the trial court's orders.

### BACKGROUND

This lawsuit stems from a custom-home build project in Guadalupe County. Appellees contracted with Custom Home Builders of Center TX, Travis White, and White House Custom

Design & Construction of Texas Inc. to build a house for them on their property. None of the agreements contained an arbitration agreement. Based on allegations that the construction resulted in a house with a series of defects, including significant plumbing issues, appellees filed suit in 2021.[1]

Three years later, in May 2024, the trial court ordered the parties to arbitrate the lawsuit because the parties "agreed to submit all claims asserted or that could be asserted against any other party to this lawsuit to and be decided in binding arbitration."[2] The arbitration took place in November 2024. Judge Schless signed an arbitration award on December 7, 2024.

A few days later, appellees filed a motion to confirm the arbitration award. White moved to vacate the arbitration award. After a hearing, the trial court denied White's motion and granted appellees' motion to confirm the award on January 9, 2025. The trial court ordered White and the other defendants to pay, jointly and severally: (1) $215,856.00 for cost of repair damages; (2) $30,000.00 for expert fees; (3) $155,000.00 for attorney's fees; (4) $12,600.00 for arbitrator fees; and (5) $60,244.90 for pre-judgment interest.[3]

White timely filed this appeal.

### MOTIONS TO CONFIRM / VACATE ARBITRATION AWARD

White argued in his pro se motion to vacate the arbitration award, among other things, that: (1) no arbitration agreement exists, (2) the arbitrator refused to postpone the hearing after a showing of sufficient cause, and (3) the arbitrator showed evident partiality because several of his conclusions were not supported by facts or evidence.

---

[1] Appellees initially filed suit in Bexar County, but the case was transferred to Guadalupe County.

[2] The full extent of the brief arbitration agreement is memorialized in the trial court's order.

[3] The trial court also granted counsel for White's motion to withdraw.

### A. Standard of Review and Applicable Law

A trial court is required to grant a motion to vacate an arbitration award if: (1) the award was obtained by corruption, fraud, or other undue means; (2) the rights of a party were prejudiced by the arbitrator's evident partiality, corruption, misconduct, or willful misbehavior; or (3) the arbitrator exceeded his powers, refused to postpone the hearing after a showing of sufficient cause, or refused to hear material evidence. TEX. CIV. PRAC. & REM. CODE § 171.088(a)(1)–(3). The trial court may also vacate an arbitration award if "there was no agreement to arbitrate, the issue was not adversely determined [in a hearing on a motion to compel or stay arbitration proceedings], and the party did not participate in the arbitration hearing without raising the objection." TEX. CIV. PRAC. & REM. CODE § 171.088(a)(4). If a party fails to demonstrate one of the foregoing grounds and the trial court denies the motion to vacate, the court "shall confirm the award." *See* TEX. CIV. PRAC. & REM. CODE § 171.087–.088(c); *see, e.g.*, *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 89–90 (Tex. 2011) (stating same).

We review a trial court's decision to confirm or deny an arbitration award de novo. *See, e.g.*, *CL Costa, Inc. v. Adcock Dev., LLC*, No. 04-23-00475-CV, 2024 WL 3588387, at *2 (Tex. App.—San Antonio July 31, 2024, pet. denied) (mem. op.). But, an arbitrator's award decision is presumed valid and entitled to great deference. *See, e.g.*, *Allegheny Millwork, Inc. v. Honeycutt*, No. 05-21-00113-CV, 2022 WL 2062876, at *3 (Tex. App.—Dallas June 8, 2022, pet. denied) (mem. op.). Our review is narrow, and even a mistake of fact or law by the arbitrator is not a proper ground for reversal. *See, e.g.*, *CL Costa, Inc.*, 2024 WL 3588387, at *2. A party seeking to vacate an arbitration award bears the burden to bring forth a *complete* record that establishes the basis for

vacating the award. *See id.*[4] If there is no record of the arbitration hearing, we must presume the evidence was adequate to support the award. *See, e.g.*, *CL Costa, Inc.*, 2024 WL 3588387, at *5.

### B. Whether Arbitrator Improperly Refused to Postpone the Hearing

White argues the trial court erred by denying his motion to vacate the arbitration award because the arbitrator refused to postpone the hearing after he demonstrated sufficient cause through his plea in abatement. Specifically, he filed a plea in abatement requesting time for his designated experts to do an on-site evaluation and report in response to an expert report produced by the appellees regarding a failed hydrostatic test. He further contends that, because the arbitrator denied the plea, he was only able to send a master plumber at the last minute. As a result, he asserts he was denied his rights under Texas Property Code Section 27.004(a) which provides the opportunity to conduct up to three inspections during the thirty-five-day period after the date the contractor received the notice. TEX. PROP. CODE § 27.004.

But White does not carry his burden of bringing forth a complete record that establishes this basis for vacating the award. *See Nafta Traders*, 339 S.W.3d at 101–02; *CL Costa, Inc.*, 2024 WL 3588387, at *2. On the one hand, it is clear from the record the arbitration hearing took place in early November. We have the plea, and it is dated October 4, 2024. But the plea itself is incomplete. It references an affidavit by White as an exhibit, but that exhibit is not included in our record (or apparently the record before the trial court). The plea purports to rely on the late filing of a report triggering rights under section 27.004, but the report in question—the "Quarter Moon"

---

[4] *See generally Nafta Traders*, 339 S.W.3d at 101–02 ("A court must have a sufficient record of the arbitral proceedings, and complaints must have been preserved, all as if the award were a court judgment on appeal. For efficiency's sake, arbitration proceedings are often informal; procedural rules are relaxed, rules of evidence are not followed, and no record is made. These aspects of arbitration, which are key to reducing costs and delay in resolving disputes, must fall casualty to the requirements for full judicial review. The parties can decide for themselves whether the benefits are worth the additional cost and delay, but the only review to which they can agree is the kind of review courts conduct. If error cannot be demonstrated, an award must be presumed correct.") (footnotes omitted).

report—is not attached to the plea or otherwise in the record. Nor is there anything showing when the report was sent to appellant. There is no other evidence in the record that supports the contentions made by White about the plea in abatement. *See Prentiss v. Prentiss*, No. 05-23-00646-CV, 2024 WL 4343440, at \*2 (Tex. App.—Dallas Sept. 30, 2024, no pet.) (mem. op.) (providing counsel statements in briefing in trial court and appellate court regarding what occurred not substitute for evidentiary record of those proceedings).

Although the incomplete plea and the final award provide a glimpse of what may have occurred in arbitration, we have no way to determine what was disputed and considered by the arbitrator.[5] *See Prentiss*, 2024 WL 4343440, at \*3. We have no record or transcription of any kind showing the nature of the arbitrator's ruling on the plea or what the arbitrator considered in support of or against the plea. *See Henry S. Miller Brokerage, LLC v. Sanders*, No. 05–14–01618–CV, 2015 WL 4600218, at \*3 (Tex. App.—Dallas July 31, 2015, no pet.) (mem. op.) (providing without record of hearing court could not determine whether arbitrator refused to properly conduct proceedings or consider material evidence or whether arbitrator failures prejudiced appellant's rights). Indeed, we have no ruling from the arbitrator in the record *at all* or any findings related to the report in question.[6]

---

[5] Moreover, the plea—which is little more than two pages—claims that automatic abatement is triggered. But the plea, as included in the record, includes no verification attesting to facts contained in the plea and no affidavit filed in support thereof to trigger automatic abatement. TEX. PROP. CODE § 27.004(d)(1); *High Valley Homes, Inc. v. Fudge*, No. 03-01-00726-CV, 2003 WL 1882261, at \*5 (Tex. App.—Austin Apr. 17, 2003, no pet.) (mem. op.) (affirming judgment of trial court approving arbitrator's award where appellant's plea in abatement did not contain verification attested to facts contained in plea and no affidavit was filed in support thereof to trigger automatic abatement, explaining failure to verify facts alleged in plea effectively waives plea).

[6] Indeed, the record includes nothing showing the plea was *actually filed* with the arbitrator. Nor does the arbitrator's final award make any reference to the report in question.

Accordingly, we cannot conclude the trial court erred by denying the motion to vacate the arbitration award based on a denial of White's plea in abatement.[7] *See High Valley Homes, Inc.*, 2003 WL 1882261, at *5–6.[8]

### C. Whether White's Rights Were Prejudiced by Arbitrator's Evident Partiality

White further contends the arbitrator demonstrated evident partiality because the arbitrator early in the proceedings, and after hearing only the appellees' evidence, asked whether the arbitration award should be awarded against him or it should also include the defendant companies. In support, White cites argument by counsel during the trial court's hearing on the motion to vacate, but counsel's statements are no substitute for the arbitration record. *See, e.g.*, *Prentiss*, 2024 WL 4343440, at *3; *Henry S. Miller Brokerage, LLC*, 2015 WL 4600218, at *3.

Based on the lack of a record demonstrating any evident partiality by the arbitrator, we cannot conclude the trial court erred by rejecting this ground. *See, e.g.*, *Pyle v. Wedekind*, No. 09-23-00200-CV, 2025 WL 2166586, at *7 (Tex. App.—Beaumont July 31, 2025, no pet.) (mem. op.) (rejecting contention of evident partiality where party produced no evidence from arbitration hearings showing any bias by arbitrator); *see also Dotcom Ltd Co. v. DP Sols., Inc.*, No. 12-16-00340-CV, 2017 WL 3224887, at *4 (Tex. App.—Tyler July 31, 2017, no pet.) (mem. op.) (party asserting evident partiality has burden of proof, and alleged partiality must be direct, definite, and

---

[7] For the same reasons, we reject White's argument the process was unfair as a result of the rejection of the plea in abatement. *See, e.g.*, *ZTE Corp. v. Universal Tel. Exch., Inc.*, No. 05-17-00781-CV, 2018 WL 6039694, at *6 (Tex. App.—Dallas Nov. 19, 2018, pet. denied) (mem. op.) (concluding party failed to meet its burden to show arbitration award should be vacated on grounds of fraud or undue means where no transcription or record of arbitration hearing); *CC Williams Const. Co., Inc. v. Rico*, No. 09-10-00472-CV, 2011 WL 2135074, at *3 (Tex. App.—Beaumont May 19, 2011, no pet.) (mem. op.) (same).

[8] *See also Prentiss*, 2024 WL 4343440, at *3 (affirming denial of motion to vacate and confirming arbitration award where record did not support finding of sufficient cause for postponement of arbitration via continuance where there was no arbitration record); *MWM Helotes Ranch, Ltd. v. White*, No. 04-18-00498-CV, 2020 WL 1695510, at *7–8 (Tex. App.—San Antonio Apr. 8, 2020, no pet.) (mem. op.) (same).

capable of demonstration rather than remote uncertain, and speculative; claimant must establish specific facts indicating improper motives).

Accordingly, this issue is also overruled.[9]

### D. White's Other Points of Error

White further contends the agreement to arbitrate was "unconscionable" for the same reasons he raised with respect to the trial court's failure to deny his plea in abatement and based on the arbitrator's mistakes. Because we have already rejected these arguments as bases to vacate the award, White's argument regarding unconscionability must fail for the same reasons. *See* TEX. R. APP. P. 47.1. Ex post facto rulings, without more, are no basis to prove an agreement to arbitrate was unconscionable. *See, e.g.*, *Khoury*, 2021 WL 1918772, at *4 (movant to vacate must demonstrate how the arbitration agreement is one-sided or how the arbitration was an inadequate substitution for litigation).

Instead, a party generally raises unconscionability when it challenges a motion to compel arbitration. *See, e.g.*, *Darling Homes of Tex., LLC v. Khoury*, No. 01-20-00395-CV, 2021 WL 1918772, at *2–5 (Tex. App.—Houston [1st Dist.] May 13, 2021, no pet.) (mem. op.). But nothing in the record shows White ever challenged arbitrability before the trial court or the arbitrator until he received an adverse result. *See* TEX. CIV. PRAC. & REM. CODE § 171.088(a)(4); *see also* TEX. R. APP. P. 33.1; *Dotcom Ltd Co.*, 2017 WL 3224887, at *4 (party may not sit idly by during arbitration and then collaterally attack procedure on grounds not raised before arbitrator when result turns out to be adverse). The record shows the parties here, including White, willfully entered into the arbitration by agreement—as set forth in the trial court's order—after the lawsuit

---

[9] White also contends in his reply brief that the final award makes a series of mistakes of fact, demonstrating the arbitrator exceeded his powers. But a mistake of fact is not a proper ground for reversing an arbitrator's award. *See* *CL Costa, Inc.*, 2024 WL 3588387, at *2. Even if it were, White provides no record evidence showing the arbitrator's purported mistakes of fact demonstrated the arbitrator exceeded his powers. *See id.*

languished in the trial court for three years. They included no arbitration agreement beyond what was set forth in the trial court's order which detailed: (1) their agreement to arbitrate, (2) who the arbitrator would be, (3) how the arbitration would be conducted [via Zoom], and (4) how the arbitrator would be compensated.[10]

Finally, White argues the arbitrator's award should be vacated on public policy grounds. But the Texas Supreme Court explained in *Hoskins v. Hoskins*—a case White cites for a different legal proposition—that a trial court is empowered to vacate an arbitration award only when a party demonstrates an expressly enumerated ground set forth in Section 171.088. *See* 497 S.W.3d 490, 495 (Tex. 2016); TEX. CIV. PRAC. & REM. CODE § 171.088. We do not find that White has successfully done so.

## CONCLUSION

Accordingly, we affirm the trial court's order denying the motion to vacate and granting the motion to confirm the arbitration award.

Lori Massey Brissette, Justice

---

[10] White also contends in his "Summary of the Argument" section of his brief, without citation, that the agreement is unconscionable because it failed to (1) require the parties to record the arbitration, (2) outline how evidence would be handled or what rules would govern the arbitration, or (3) require the disclosure of conflicts of interest. *See* TEX R. APP. P. 38.1(h), (i). But parties often choose not to record the arbitration and often choose to eschew the rules of evidence in a more informal proceeding. *See Nafta Traders*, 339 S.W.3d at 101–02 (providing parties can elect arbitration, noting that it often involves relaxed procedural and evidentiary rules and frequently eschews a record of proceedings and, accordingly, often circumvents effective judicial review). Further, he has failed to identify any conflicts of interest related to the underlying arbitration that should be considered.