

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00859-CV

Leonard K. **HOSKINS**,
Appellant

v.

Colonel Clifton **HOSKINS** and Hoskins, Inc.,
Appellees

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-03136
Honorable Peter A. Sakai, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  October 15, 2014

AFFIRMED

Pursuant to an order of a bankruptcy court, Leonard K. Hoskins, Colonel Clifton Hoskins, and Hoskins, Inc. (the "Company") were all parties to an arbitration proceeding.  After a final arbitration award was entered with regard to Leonard's claims against Clifton and the Company, Leonard filed a motion to vacate the arbitration award, while Clifton and the Company filed a motion to confirm the arbitration award.  Leonard now appeals the trial court's judgment confirming the arbitration award in accordance with its order granting the motion to confirm and denying the motion to vacate.  We affirm the trial court's judgment.

**BACKGROUND**

When Lee Roy Hoskins, Sr. died in 1985, his wife, Hazel Hoskins, became the executrix of his estate and the trustee of a marital trust created under Lee Roy's will. Upon Lee Roy's death, Hazel became the owner of one-half of the stock of the Company, and the other half was owned by the marital trust. Hazel is the sole beneficiary of the marital trust during her life, and the trustee is authorized to distribute all income and such principal as necessary to "maintain and support [Hazel] in health and in reasonable comfort;" however, because Hazel is both the trustee of the trust and a beneficiary, she does not have the power to distribute income or principal to herself. Upon Hazel's death, the trust will terminate, and its corpus will be distributed to Lee Roy's descendants.

Leonard and Clifton are two of Lee Roy and Hazel's children.[1] In 2002, Hazel, Leonard, and Clifton were parties to a settlement agreement which was approved by a bankruptcy court. In addition to approving the settlement, the bankruptcy court also entered a permanent injunction prohibiting any of the parties from bringing or continuing any litigation against any of the other parties without first applying for authority to do so from the bankruptcy court.

In 2008, Leonard filed a lawsuit against Clifton and Hazel, alleging various causes of action relating to the Company's conveyance of the Tilden Ranch to Clifton. Leonard subsequently non-suited the lawsuit due to the permanent injunction. After various motions were filed with the bankruptcy court regarding the new dispute, the bankruptcy court ultimately ordered Clifton, Hazel, and Leonard to arbitration in August of 2011. The Company voluntarily joined the arbitration. Prior to proceeding with the arbitration, the parties signed an agreement to arbitrate under the Texas Arbitration Act.

---

[1] Lee Roy and Hazel's third child is not involved in this proceeding.

In September of 2011, Leonard filed his complaint in arbitration challenging a 2002 promissory note from the Company to Clifton and the sale of the Tilden Ranch by the Company to Clifton. The complaint also asserted that Hazel allowed property of the estate and marital trust to be improperly transferred to Clifton, and that Clifton:

> … has been serving as a defacto trustee and has effectively controlled the Estate and Trusts created under the Will of Lee Roy Hoskins, Sr. Accordingly, Cliff's actions also constitute a breach of fiduciary duty to … the beneficiaries of the Estate of Lee Roy Hoskins, Sr.

In his prayer for relief, Leonard requested a declaration that the note and the conveyance of the Tilden Ranch were void and "an order setting aside any conveyance of Hoskins, Inc. or Estate property to and for the benefit of [Clifton] or anyone on his behalf, which was made for less than fair market consideration." Clifton and the Company filed a joint reply to the complaint, and Leonard filed a response to the reply.

In November of 2011, Clifton and the Company filed a motion for summary judgment, asserting Leonard's claims regarding the conveyance of the Tilden Ranch were barred by limitations and Leonard lacked standing to challenge the conveyance by the Company because he was not a shareholder of the Company. Leonard filed a response, asserting the discovery rule and tolling as defenses to the limitations argument. With regard to standing, Leonard argued that Hazel's dealings with the stock of the Company were burdened by her fiduciary duty to Leonard as a beneficiary of the marital trust. After a hearing on January 19, 2012, the arbitrator granted the summary judgment in part. The order, which was signed by the arbitrator on February 14, 2012, expressly stated that the order did not dispose of Clifton and the Company's claims for attorney's fees. The summary judgment order dismissed any and all claims by Leonard against Clifton and the Company; however, the order retained the arbitrator's jurisdiction over numerous claims against Hazel.

In June of 2012, Leonard filed a supplemental complaint. Without conducting any additional hearings, the arbitrator signed a final arbitration award on February 20, 2013, which again dismissed all claims by Leonard against Clifton and the Company and awarded them attorneys' fees. On March 13, 2013, the arbitrator signed an order severing the claims against Clifton and the Company from the pending claims against Hazel.[2]

As previously noted, Clifton and the Company filed a motion to confirm the arbitration award, and Leonard filed a motion to vacate the arbitration award.[3] The trial court held a hearing on the motion and allowed the parties to file post-hearing briefs. After considering the motions and the briefs, the trial court granted the motion to confirm the arbitration award and denied the motion to vacate.

## STANDARD OF REVIEW

"We review the trial court's confirmation of [an] arbitration award de novo." *City of Laredo v. Mojica*, 399 S.W.3d 190, 194-95 (Tex. App.—San Antonio 2012, pet. denied). "Arbitration awards are entitled to great deference by the courts, so we must include all reasonable presumptions in favor of the award, and indulge none against it." *Id.* at 195.

"Because Texas law favors arbitration, judicial review of an arbitration award is extraordinarily narrow." *East Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010). "A mere mistake of law or fact is insufficient to set aside an arbitration award." *Grand Homes 96, L.P. v. Loudermilk*, 208 S.W.3d 696, 705 (Tex. App.—Fort Worth 2006, pet. denied); *see also City of Laredo*, 399 S.W.3d at 195 ("Review is so limited that an arbitration award may not be vacated even if there is a mistake of fact or law.").

---

[2] The arbitrator appointed a receiver for the trusts in April of 2013.
[3] The receiver also filed a motion to vacate; however, the receiver did not appeal.

## PERMISSIBLE GROUNDS FOR VACATING AWARD

In seven of the issues Leonard raises on appeal, he contends the arbitration award should be vacated because the arbitrator acted in "manifest disregard for the law." Clifton and the Company counter that "manifest disregard for the law" is not a proper ground for vacating an arbitration award under the Texas Arbitration Act.[4]

As recognized by this court, the United States Supreme Court's holding in *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008), precludes the continued use of "manifest disregard for the law" as a ground for vacating an award in cases in which the Federal Arbitration Act applies. *See Chandler v. Ford Motor Credit Co., LLC*, No. 04-08-00100-CV, 2009 WL 538401, at *3 (Tex. App.—San Antonio Mar. 4, 2009, no pet.). The question presented in this appeal is whether "manifest disregard for the law" provides a non-statutory common law ground for vacating an award in cases where the TAA, as opposed to the FAA, applies.

Although Texas appellate courts have historically applied "manifest disregard of the law" as a common law ground for vacating arbitration awards, the Texas Supreme Court has never directly addressed the issue of whether common law grounds are preempted by the TAA. *See Quinn v. Nafta Traders, Inc.*, 257 S.W.3d 795, 799 n.3 (Tex. App.—Dallas 2008), *rev'd on other grounds*, 339 S.W.3d 84 (Tex. 2011). For example, in addressing gross mistake, a Texas common-law ground for vacating an arbitration award, the Texas Supreme Court "assum[ed] without deciding that [the appellant could] rely on the gross mistake standard under the common law to attack the arbitrator's award." *Callahan & Assocs. v. Orangefield Ind. Sch. Dist.*, 92 S.W.3d 841, 844 (Tex. 2002); *see also Beech Street Corp. v. Baylor Health Care Sys.*, No. 05-12-01671-CV,

---

[4] As previously noted, the parties agreed to arbitrate under the Texas Arbitration Act.

2014 WL 3743864, at *2 (Tex. App.—Dallas July 29, 2014, no pet. h.) (noting manifest disregard is a federal common-law doctrine while gross mistake is a Texas common-law doctrine).

In his reply brief, Leonard argues that manifest disregard remains a viable ground for vacating an award, citing *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 97 (Tex. 2011), which rejected the holding in *Hall Street* that the parties to an arbitration cannot enter into "an agreement that limits the authority of an arbitrator in deciding a matter and thus allows for judicial review of an arbitration award for reversible error." The Texas Supreme Court held that the "TAA presents no impediment" to such an agreement. *Id.* In reaching this holding, however, the Texas Supreme Court did not rely on any common-law ground as a basis for vacating an award. Instead, the court relied on the statutory ground that the arbitrator would exceed his powers under such an agreement if the award contained reversible error. *Id.* at 89-97; *see also* TEX. CIV. PRAC. & REM. CODE § 171.077(a)(3) (providing trial court shall vacate an award if the arbitrators exceeded their powers). Moreover, the Texas Supreme Court expressly stated: "In construing the TAA, we are obliged to be faithful to its text." *Nafta Traders, Inc.*, 339 S.W.3d at 97. Section 171.087 of the TAA provides: "Unless grounds are offered for vacating, modifying, or correcting an [arbitration] award under Section 171.088 [Vacating Award] or Section 171.091 [Modifying or Correcting Award], the court, on application of a party, shall confirm the award." TEX. CIV. PRAC. & REM. CODE ANN. § 171.087 (West 2011). Thus, faithfully applying this text, the TAA would appear to limit the grounds on which an arbitration award can be vacated to those set forth in Section 171.088, thereby preluding any reliance on common law grounds.

Even before the United States Supreme Court's decision in *Hall Street*, one of our sister courts held that manifest disregard was not a standard for vacating an award under the TAA, reasoning:

> [T]he manifest disregard standard is a federal common law doctrine, the underlying rationale for which the United States Supreme Court has largely rejected as reflecting a general suspicion of the desirability of arbitration and competence of arbitration tribunals that is difficult to reconcile with the Court's subsequent decisions involving the Federal Arbitration Act. Moreover, Action Box has cited, and we have found, no Texas case applying the manifest disregard standard except in circumstances where the Federal Arbitration Act, rather than the Texas Arbitration Act, applied. Because there is no allegation in this case that the federal act applies here, Action Box has not demonstrated that the manifest disregard standard has any application to this case. Accordingly, we decline to apply it and overrule Action Box's second issue, asserting a violation of that standard.

*Action Box Co. v. Panel Prints, Inc.*, 130 S.W.3d 249, 252 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (internal citations omitted). While not directly addressing manifest disregard, the Texarkana court has recently stated:

> Under the TAA, the trial court must confirm an arbitration award on application of a party unless grounds are offered pursuant to Section 171.088 for modifying or correcting the award under Section 171.091 for vacation of it. Unless the parties otherwise mutually agree, a court's ability to vacate an arbitration award is limited to the circumstances expressly identified in the statute.

*Estate of Flournoy v. Risner*, No. 06-13-00071-CV, 2014 WL 731023, at *2 (Tex. App.—Texarkana Jan. 9, 2014, pet. denied) (internal citations omitted). We note, however, that the Dallas court has concluded that "the FAA does not preempt any common-law grounds that might exist to vacate an award under the TAA." *Beech Street Corp.*, 2014 WL 3743864, at *2.

In reaching its decision in *Hall Street*, the United States Supreme Court considered language in the FAA which is substantially similar to the language in the TAA, and noted that the text of the statute compelled a reading of the statutory categories for vacating an award as exclusive. 552 U.S. at 586. The Court then concluded, "the statutory text gives us no business to expand on the statutory grounds." *Id*. at 589. Similarly, the statutory text in Section 171.087 is clear and compelling and "gives us no business to expand on the statutory grounds." *Id*. Accordingly, based on the language in Section 171.087, we hold that the statutory grounds for

vacating an arbitration award contained in Section 171.088 are the exclusive grounds for vacating an award.

**RIGHT TO A HEARING**

The sole statutory ground asserted by Leonard for vacating the arbitration award was that the arbitrator conducted the hearing contrary to Section 171.047. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(D) (West 2011) (providing trial court shall vacate an arbitration award if the arbitrator conducted the hearing contrary to Section 171.047). Under Section 171.047, a party at an arbitration hearing is entitled to be heard and present evidence material to the controversy. *Id*. at § 171.047.

1. Waiver

Clifton and the Company first contend that Leonard waived this issue by not raising it in his motion to vacate. Clifton and the Company later concede, however, that Leonard raised this issue in his post-hearing brief. At the conclusion of the hearing, the trial court took the matter under advisement and expressly invited post-hearing briefing. Moreover, the trial court's order states that the trial court considered the parties' briefs. Accordingly, we hold that Leonard properly preserved this issue for our review.

2. Claims Requiring a Hearing

With regard to his original complaint, Leonard concedes that his complaint "focused" on the conveyance of the Tilden Ranch which was the basis of Clifton and the Company's motion for summary judgment; however, he asserts that his claims were not limited to that conveyance. In briefing this issue, however, Leonard asserts the arbitrator violated Section 171.047 by failing to conduct a hearing on the claims raised in his supplemental complaint.[5] Leonard's brief concludes

---

[5] In a separate issue, Leonard complains of the arbitrator manifestly disregarding the law by granting more relief than was requested in the motion for summary judgment. Based on our holding that "manifest disregard for the law" is not

the issue by stating: "The arbitrator's dismissal of the claims in the supplemental complaint without a hearing require reversal and vacating the arbitration award." Therefore, we focus our attention on the supplemental complaint.

During oral argument, a focal point of the discussion was on the specific claims asserted in the supplemental complaint. Having extensively reviewed the supplemental complaint in view of the arguments presented, we conclude the following. In the supplemental complaint, Leonard generally requested a rescission of "all transactions entered into by Hazel Hoskins, Trustee or as an officer of [the Company]." Leonard again challenged the conveyance of the Tilden Ranch by the Company, but noted that two tracts of land were excepted from that conveyance, namely a 12.28 acre tract of land and a 480.17 acre tract of land. Leonard then also challenged: (1) the conveyance of the mineral estate in the 12.28 acre tract of land by the Company to Clifton; and (2) the conveyance of the mineral estate in the 480.17 acre tract of land by Hazel and the Company to a living trust created by Hazel. Finally, Leonard asserted a claim for breach of fiduciary duty against Hazel in her capacities as: (1) an officer, director, and shareholder of the Company; (2) trustee; and (3) executrix. Although Leonard alleged that Clifton is not a bona fide purchaser of the property conveyed to him, the supplemental complaint does not allege a separate claim against Clifton. Finally, in his prayer for relief Leonard requested "that all wrongful transfers and sales by Hazel in her multiple capacities and Hoskins, Inc. be identified, annulled, and voided." In

---

a proper ground for vacating an arbitration award, however, we do not separately address this issue. We note, however, this court must presume adequate reasoning supported an arbitration award in the absence of a transcription of the arbitration proceedings. *See Grand Homes 96, L.P.*, 208 S.W.3d at 705. In the absence of a record of the arbitration proceedings in this case, we would be unable to determine whether the arbitrator considered argument at the hearing regarding the more general allegations contained in Leonard's original complaint. Even if the arbitrator was required to adhere to summary judgment principles in conducting the hearing and thereby erred in considering arguments relating to the more general allegations, this error would likely constitute a mistake of law that would not be sufficient to set aside the award. *Id.*; *see also City of Laredo*, 399 S.W.3d at 195.

summary, the supplemental complaint alleged: (1) wrongful acts by Hazel; (2) wrongful transfers by Hazel in multiple capacities; and (3) wrongful transfers by the Company of two mineral estates.

### 3. Analysis

The issue thus presented for our review is whether Leonard was deprived of his right to be heard on the claims added in the supplemental complaint as summarized above. With regard to the claims against Hazel, those claims have been severed, remain pending before the arbitrator, and are not before us in this appeal. With regard to the Company's conveyance of the two mineral estates, "summary judgment may be properly granted on later-pleaded causes of action if the grounds actually asserted [in the motion] show that the plaintiff could not recover on the later-pleaded causes of action." *American Zurich Ins. Co. v. Barker Roofing, L.P.*, 387 S.W.3d 54, 67 (Tex. App.—Amarillo 2012, no pet.). Stated differently, if the movant has conclusively disproved an element common to the claim addressed in the motion and the added claim, summary judgment may be granted on the added claim. *Ritter v. Las Colonitas Condominium Ass'n*, 319 S.W.3d 884, 891 (Tex. App.—Dallas 2010, no pet.); *Wilson v. Davis*, 305 S.W.3d 57, 73 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Moreover, upholding a summary judgment as to an added claim would appear to be even more appropriate where the element common to the claims is the lack of standing, which can even be raised for the first time on appeal. *Tex. Ass'n of Business v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993); *see also Lapiner v. Maimon*, 429 S.W.3d 816, 825-26 (Tex. App.—Houston [14th Dist.] 2014, pet. filed) (Frost, C.J., concurring) (noting former shareholder's lack of standing could be raised for first time on appeal); *Somers ex rel. EGL, Inc. v. Crane*, 295 S.W.3d 5, 13 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (addressing plaintiff's lack of standing to sue derivatively on corporation's behalf). In this case, the only difference between Leonard's original complaint relating to the Company's conveyance of the Tilden Ranch and the claims in his supplemental complaint relating to the Company's conveyance

of the mineral estates is the property conveyed. Therefore, Leonard's lack of standing to challenge conveyances by the Company, which was a ground asserted in Clifton and the Company's motion for summary judgment, is an element common to all of the claims, and the arbitrator could properly have dismissed Leonard's claims in the supplemental complaint relating to the Company's conveyance of the two mineral estates on the ground that Leonard lacked standing to assert the claims.[6]

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

In his final issue, Leonard complains about the trial court's findings of fact and conclusions of law. First, we agree with Clifton and the Company that the issue is not properly briefed as it contains no citations to authority. In addition, we review the trial court's ruling under a de novo standard. *City of Laredo*, 399 S.W.3d at 194-95. Even assuming the trial court made erroneous findings of fact or conclusions of law, they did not affect our review. *See Statewide Remodeling, Inc. v. Williams*, 244 S.W.3d 564, 567 (Tex. App.—Dallas 2008, no pet.) (noting appellate court reviews entire record and applies de novo standard of review).

### CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

---

[6] Leonard does not challenge the ruling that he lacked standing in this appeal.