

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00823-CV

**RIVER SUB, LTD.** d/b/a Subway,
Appellant

v.

Maribel **LERMA**, Individually and as Representative of the Estate of Marisela Cadena,
Deceased; Antonio Lerma, Jr., Maricela Lerma and Marissa Lerma,
Appellees

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2021-CI-15278
Honorable Marisa Flores, Judge Presiding

Opinion by:   Lori I. Valenzuela, Justice

Sitting:      Patricia O. Alvarez, Justice
              Lori I. Valenzuela, Justice
              Karen Angelini, Justice (Ret.)[1]

Delivered and Filed: June 12, 2024

AFFIRMED

This appeal concerns appellant's attempted vacatur of an arbitration award in favor of

appellees. The trial court denied appellant's motion to vacate the arbitration award and instead

confirmed the arbitration award. On appeal, appellant asserts the trial court erred because (1) the

arbitrator's social media postings evidence partiality and bias necessitating vacatur; and (2) the

---

[1] The Honorable Karen Angelini, Justice (Retired) of the Fourth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.

arbitrator's alleged deletion and concealment of the social media posts demonstrate partiality and bias. We affirm.

## BACKGROUND

On February 28, 2020, Marisela Cadena was murdered by her ex-boyfriend, Andrew Munoz. Twelve days earlier, Munoz had kidnapped Cadena at gunpoint; held her captive; and threatened to have a friend kill Cadena and harm her children if she reported the kidnapping to police. At that time, Cadena was working as a store manager at a Subway restaurant operated by appellant. Three days before the murder, Cadena informed her manager about the kidnapping and the danger posed by Munoz. Later that day, an officer and victim's advocate for the San Antonio Police Department interviewed Cadena. During the interview, Cadena recounted her recent kidnapping and made plans to seek a protective order and to implement some safeguards, to include changing her place of work. According to appellees, her manager refused her transfer request and failed to implement proper security measures—resulting in her murder while working alone at the Subway she managed.

On July 29, 2021, appellees—Cadena's survivors—filed a wrongful death suit in Texas state district court. Appellant moved to compel arbitration based on an arbitration contract Cadena entered into pursuant to her employment. The trial court granted an agreed order on the motion to compel arbitration, and the parties proceeded to arbitrate the dispute.

The arbitration agreement established the Judicial Workplace Arbitration, Inc. ("JWA") as administrator of the arbitration and provided procedural rules for the appointment of a single neutral arbitrator. After following the stated procedure, JWA identified Judge Carlos Cortez as arbitrator. Judge Cortez provided JWA and the parties a conflict disclosure and arbitrator's oath. The JWA form required the arbitrator to disclose "any past or present relationship with the parties, their counsel, or potential witnesses, direct or indirect, whether financial, professional, social or of

any other kind." In response, the arbitrator disclosed: (1) attorneys from the law firm representing appellant, Owen & Fazio, appeared before him while he sat as a district court judge; (2) Owen & Fazio appeared in prior arbitrations in which he sat as arbitrator that did not go to a final hearing; and (3) he attended dinner twice and played golf twice with named partner Jerry Fazio over a period of fifteen years. The proceeding continued through a final hearing, and on April 3, 2023, the arbitrator issued a written award in favor of appellees.

On April 19, 2023, appellees moved to confirm the award in state district court. Appellant filed a motion to vacate the award on multiple grounds; however, on appeal, appellant limits its grounds to allegations that certain social media posts (and the arbitrator's alleged subsequent concealment of those posts) evidence partiality, requiring vacatur of the award. Appellant points to three social media posts from the arbitrator's personal Facebook page:

1. In San Antonio presiding as Judge over an Arbitration for the next couple of days involving a high profile murder case. Please send good thoughts to the lawyers involved to do and be their best in advocating the rights of their clients so selfishly my decision will be easier.[2]

2. BEWARE STATE FARM INSUREDS!!!! STATE FARM IS NOW SUING THEIR OWN INSUREDS FOR FILING LITIGATION TO OBTAIN THEIR INSURANCE POLICY BENEFITS FOR UNINSURED/UNDERINSURED MOTORIST BENEFITS! The insurance defense lawyers at WALTERS BALIDO AND CRAIN have filed counterclaims against State Farm's OWN INSUREDS and are asking the Court for State Farm's own insureds to pay State Farm's INSURANCE DEFENSE LAWYER FEES!!!!!!! Please contact your insurance agent and if they cannot guarantee you IN WRITING that they agree not to sue you, if and when you have to file a lawsuit to recover underinsured/uninsured motorist policy benefits (THAT YOU ARE PAYING MONTHLY PREMIUMS to have this coverage) then you need to go to another insurance company for auto/home/property damage. I left this miserable excuse of an insurance company after 30 years because of what they are doing to Texas Insureds. Most State Farm policies are actually

_____

[2] This was posted on February 20, 2023—the day before the arbitration hearing.

being written out and handled by OUT OF STATE ENTITIES AND ADJUSTERS!!!!!!!!![3]

3. For the past 6 years I have been fighting SNAKE FARM Insurance Company on 2 particular cases. SNAKE FARM has been F*CKING around with their insureds by denying THEIR OWN INSURED's valid underinsured motorists claims. Their insureds had paid insurance premiums to SNAKE FARM for years and decades and when their insured were seriously injured in a motor vehicle collision, Snake Farm REFUSED To pay their insured's [sic] their policy limits. Instead, SNAKE FARM engaged in unnecessary litigation all the way to the Texas Supreme Court and finally the case was tried in a Dallas County court in front of a Dallas County jury. Snake Farm spent hundreds of thousands of dollars to pay their team of trial attorneys and appellate lawyers to fight their own insureds over the disputed amounts of $12,000 in one case and $30,000 in the other case. They even lied under oath about the amount of their insured's policy! My law firm won both trials and now we have final judgments as to the damages, attorney fees and costs. In the case Snake Farm fought over $12,000, the jury award plus costs and attorney fees total $1,132,118.89. I warned Snake Farm and their team of attorneys that I didn't care how long it took or how much money they spent or the obstacles and delay tactics they used. I told Snake Farm that they would not outwork my firm and they would not scare us by making us risk unbelievable amounts of money and time into these cases. They didn't believe me. Well…they "f*cked around" and now they "found out". Below is a video from Professor Greg that mathematically/scientifically documents the well respected principle of what happens to UNETHICAL ROGUE INSURANCE COMPANIES when they try and "F@ck around" with their insureds and what they will "find out" at the end of the case/trial with my law firm.

On May 2, 2023, the trial court held a hearing on the motion to vacate and motion to confirm. The trial court subsequently denied the motion to vacate, confirmed the arbitration award, and entered a final judgment in favor of appellees. This appeal followed.

---

[3] Although the record does not contain copies of the second or third posts, appellant typed the text in appellant's motion to vacate and attached the Affidavit of Jerry Fazio (the "Fazio Affidavit"), which states in relevant part, "I was friends with [the arbitrator] Carlos Cortez on Facebook and have personal knowledge of these posts. The Facebook posts in the Motion to Vacate the Arbitration Award were posted during the pendency of the arbitration. These are true and correct posts that were made on the Arbitrator Carlos Cortez's Facebook."

**STANDARD OF REVIEW**

Under the Federal Arbitration Act,[4] "evident partiality" of an arbitrator is a ground for vacating an arbitration award. 9 U.S.C. § 10(a)(2). A neutral arbitrator is evidently partial if he fails to disclose information that might, to an objective observer, create a reasonable impression of his partiality. *Tenaska Energy, Inc. v. Ponderosa Pine Energy, LLC*, 437 S.W.3d 518, 519–20, 527 (Tex. 2014). However, trivial information will not rise to the level of evident partiality and need not be disclosed. *Id.* at 525, 527. The standard is objective—what an objective observer might think—and although intent may be relevant to establishing actual bias or partiality, evident partiality is established from the nondisclosure itself. *Id.* at 527. Therefore, a party need not prove actual bias to demonstrate evident partiality. *Id.* Rather, if there is some evidence the arbitrator failed to disclose non-trivial information, we review de novo whether that undisclosed information demonstrates the arbitrator's evident partiality. *See id.* at 523. A party seeking to vacate an arbitration award bears the burden of presenting a complete record that establishes grounds for vacatur. *Amoco D.T. Co. v. Occidental Petroleum Corp.*, 343 S.W.3d 837, 841 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

We likewise review an arbitrator's confirmation of an arbitration award de novo. *Hoskins v. Hoskins*, 498 S.W.3d 78, 81 (Tex. App.—San Antonio 2014), *aff'd*, 497 S.W.3d 490 (Tex. 2016). "Arbitration awards are entitled to great deference by the courts, so we must include all reasonable presumptions in favor of the award, and indulge none against it." *Id.* (quoting *City of Laredo v. Mojica*, 399 S.W.3d 190, 194–95 (Tex. App.—San Antonio 2012, pet. denied)). "Because Texas law favors arbitration, judicial review of an arbitration award is extraordinarily narrow." *Id.* (quoting *East Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 271 (Tex.

---

[4] It is uncontested that the Federal Arbitration Act governs this dispute.

2010)); *see also* TEX. CIV. PRAC. & REM. CODE § 171.087 ("Unless grounds are offered for vacating . . . an award . . . the court, on application of a party, shall confirm the award.").

ANALYSIS

Appellant asserts the trial court erred in denying its motion to vacate and in confirming the award because (1) the arbitrator's social media postings evidence partiality and bias necessitating vacatur; and (2) the arbitrator's alleged deletion and concealment of the social media posts demonstrate partiality and bias.

### *Evident Partiality*

Appellant argues the arbitrator failed to "adequately disclose his longstanding personal prejudices regarding civil defendants and insurance defense counsel." According to appellant, the arbitrator's posts reflect (and create a reasonable impression of) a disdain for both insurance companies and insurance defense lawyers generally. Appellants assert (without evidence) that the arbitrator was "likely aware" that appellant's counsel, Owen & Fazio, engaged in "insurance defense litigation."

We begin by reviewing the language of the arbitrator's alleged Facebook posts. The first post cannot be understood as evidencing partiality: it requests good thoughts to lawyers for both sides to do their best advocating for their clients so that his job will be easier. However, an objective observer might view the second and third posts as reflecting partiality and bias against: (1) State Farm; (2) attorneys at Walters, Balido, & Crain; and (3) "unethical and rogue" insurance companies that deny certain underinsured/uninsured motorist policy benefits. Notably, neither the pleadings nor other documents from the arbitration proceeding included in our record reflect the involvement of either State Farm or attorneys from Walters, Balido, & Crain, and it appears undisputed that no one from either entity is involved in any way. Moreover, appellant operates Subway restaurants—it is not an insurance company—and the underlying facts in this case do not

involve motorist insurance coverage. In fact, appellant's brief concedes the posts concern an entirely different type of insurance dispute than the type of coverage that appellant may have sought or obtained from its insurer in this case.

The essence of appellant's argument is that because the arbitrator's Facebook posts evidence prejudice against civil defendants and insurance defense counsel, the arbitrator's failure to disclose these generalized prejudices necessitates vacatur. We find multiple faults with this contention.

***First***, as the sole factfinder and judge of credibility, the trial court could have disbelieved the Fazio Affidavit. *See Strickland v. iHeartMedia, Inc.*, 668 S.W.3d 34, 37 (Tex. App.—San Antonio 2022, no pet.) ("As the fact finder, the trial court is the sole judge of the credibility of the witnesses and evidence."). Importantly, when the Fazio Affidavit was executed, there is no allegation the second and third posts were then-deleted. The trial court could have reasonably questioned why the two inflammatory posts were not attached to the affidavit the same way the first post was. *See id.*

***Second***, assuming without deciding the posts were made as alleged by Fazio, the posts do not evidence prejudice against *all* civil defendants or insurance counsel. At best, they evidence partiality and bias against: (1) State Farm; (2) attorneys at Walters, Balido, & Crain; and (3) "unethical and rogue" insurance companies that deny certain underinsured/uninsured motorist policy benefits. Yet these subjects are wholly unrelated to this arbitration. Therefore, the arbitrator's failure to disclose information regarding partiality or bias against these unrelated subjects is trivial with respect to this arbitration proceeding. *See Tenaska*, 437 S.W.3d at 527 (trivial information need not be disclosed).

***Third***, appellant conceded at the motion to vacate hearing that the posts did not objectively demonstrate bias:

> [T]he actual bias to me, to my client didn't appear till he issued these huge noneconomic awards, right. I didn't – he could have his concerns all he wants to against State Farm and insurance defense lawyers, he can post hatred toward them or whatever, but the harm occurred to us, the bias occurred to us when he issued an award that is solely based on noneconomic damages that we believe that his own opinion, findings contradict.

This concession reveals appellant's true complaint: It disagrees with the substance of the arbitrator's award. However, our review is not concerned with the substance of the award, which we are required to greatly defer. *See Hoskins*, 498 S.W.3d at 81. In this case, our extraordinarily narrow review focuses on whether appellant has established a statutory ground for vacatur, and appellant's disagreement with the substance of the award is not a valid statutory ground to vacate the award. *See id.*

For these reasons, we overrule appellant's first issue.

***Alleged Deletion and Concealment***

In its second issue, appellant asserts the arbitrator's alleged deletion and concealment of the second and third posts constitutes evidence of partiality requiring vacatur. However, appellant presented no evidence demonstrating the arbitrator deleted or concealed the posts. *See Las Palmas Med. Ctr. v. Moore*, 349 S.W.3d 57, 70 (Tex. App.—El Paso 2010, pet. denied) (party seeking vacatur bears burden to provide evidence establishing partiality).

The only evidence relating to the allegedly deleted posts is the April 27, 2023 Fazio Affidavit. That affidavit was attached to the original and amended motion to vacate. But appellant alleges the arbitrator deleted the posts while the motion to vacate was pending. Logically, the Fazio Affidavit provides no evidence of an event that had not yet allegedly occurred, and, substantively, the Fazio Affidavit does not discuss the alleged deletion:

> I was friends with [the arbitrator] Carlos Cortez on Facebook and have personal knowledge of these posts. The Facebook posts in the Motion to Vacate the Arbitration Award were posted during the

pendency of the arbitration. These are true and correct posts that
were made on the Arbitrator Carlos Cortez's Facebook.

Therefore, the Fazio Affidavit offers no evidence of the arbitrator's alleged deletion or concealment, and appellant's allegations are otherwise unsupported by the record. We hold appellant failed to carry its burden to provide some evidence of deletion or concealment. *See Amoco*, 343 S.W.3d at 841; *Las Palmas*, 349 S.W.3d at 70. We overrule appellant's second issue.

## CONCLUSION

Having overruled appellant's issues, we affirm the judgment of the trial court.

Lori I. Valenzuela, Justice