

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00298-CV

**FRITZ MANAGEMENT, LLC**,
Appellant

v.

**ALFORTISH CONTRACTORS, LLC**,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CI07323
Honorable Christine Vasquez-Hortick, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:        Irene Rios, Justice
                Lori Massey Brissette, Justice
                H. Todd McCray, Justice

Delivered and Filed: July 9, 2025

AFFIRMED

This is the second appeal between these parties. In the previous appeal, we reversed the trial court's order denying appellant Fritz Management, LLC's ("Fritz") motion to compel arbitration, rendered judgment compelling arbitration, and remanded the cause to the trial court with instructions to stay the litigation pending the outcome of arbitration. *See Fritz Mgmt., LLC v. Alfortish Contractors, LLC*, No. 04-22-00572-CV, 2023 WL 2672901 (Tex. App.—San Antonio Mar. 29, 2023, no pet.) (mem. op.). Following the trial court's judgment confirming the final

arbitration award, Fritz appeals. Fritz argues the arbitrator exceeded her authority by awarding appellee Alfortish Contractors, LLC ("Alfortish") an improper double recovery and unsegregated attorney's fees, contravening the parties' agreement and Texas law. We affirm.

### BACKGROUND

Through a series of agreements, Alfortish leased its property on Blanco Road in San Antonio to Fritz for the operation of a restaurant. The lease was set to continue until 2028. In 2020, Fritz abandoned the lease without giving Alfortish notice. Alfortish discovered Fritz had abandoned the property when the City gave Alfortish notice that the property had become a dumping ground and gathering place for transients. Alfortish sued Fritz for breach of contract, and Fritz did not deny it breached the lease. Two years after the suit was filed, Fritz moved to compel arbitration consistent with the arbitration clause in the lease. The trial court denied Fritz's request. However, after filing an appeal in this court, we reversed the trial court's order and remanded the case with instructions to abate the litigation pending the outcome of the arbitration proceeding. *See id*. at *5.

After the arbitration hearing, the arbitrator found Fritz breached its contract with Alfortish and awarded Alfortish $1,914,713.92 in total damages, attorney's fees, and costs.[1] In addition to explaining the award of damages, the arbitrator's written decision also addresses the award of attorney's fees. It addresses the arbitrator's segregation of attorney's fees not applicable to Alfortish's breach of contract claim and the award of attorney's fees related only to the breach of contract claim.

Alfortish moved the trial court to confirm and enter judgment on the award. Fritz responded to Alfortish's motion and argued the award should not be approved in full because the arbitrator

---

[1] The arbitrator explained the award in a twelve-page written decision.

awarded both improper damages and attorney's fees. The trial court confirmed the entire award. Following the trial court's denial of Fritz's motion to modify the trial court's judgment, this appeal ensued.

## STANDARD OF REVIEW

We review a trial court's decision to confirm or vacate an arbitration award de novo. *Shah v. Star Anesthesia, P.A.*, 580 S.W.3d 260, 267 (Tex. App.—San Antonio 2019, no pet.). "Arbitration awards are entitled to great deference by the courts, so we must include all reasonable presumptions in favor of the award[] and indulge none against it." *Hoskins v. Hoskins*, 498 S.W.3d 78, 81 (Tex. App.—San Antonio 2014), *aff'd*, 497 S.W.3d 490 (Tex. 2016). "Review of an arbitration award is so limited that even a mistake of fact or law by the arbitrator in the application of substantive law is not a proper ground for vacating an award." *Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 683 (Tex. App.—Dallas 2010, pet. denied); *see also Hoskins*, 498 S.W.3d at 81.

## ARBITRATOR POWER

Under the Texas Arbitration Act ("TAA"),[2] judicial review of an arbitration award and the trial court's authority to vacate such award is limited to one of the enumerated statutory grounds. *Hoskins*, 497 S.W.3d 493–94. One of these limited grounds is if the arbitrator exceeded his powers. TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(A); *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 90 (Tex. 2011). "In determining whether an arbitrator has exceeded his authority, the proper inquiry is not whether the arbitrator decided an issue correctly, but rather, whether he had the authority to decide the issue at all." *Forest Oil Corp. v. El Rucio Land & Cattle Co.*, 518 S.W.3d 422, 431 (Tex. 2017) (citing *Hoskins*, 497 S.W.3d at 494–95).

---

[2] The parties do not dispute that the Texas Arbitration Act applies.

An arbitrator derives his power from the parties' arbitration agreement. *Nafta Traders*, 339 S.W.3d at 90. Thus, an arbitrator exceeds his powers when the award fails to draw its essence from the underlying contract. *Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818, 830 (Tex. App.—Dallas 2009, no pet.). An award draws its essence from the contract when it is derived from the wording or the purpose of the contract. *Id*. Although the arbitrator may not ignore the plain language of the contract; we cannot, under a restricted judicial review, vacate an award based on the ground that the arbitrator made a mistake in law or fact when issuing the award. *Id*. at 826, 830.

However, the Texas Supreme Court has determined that under the TAA parties can contract to prohibit the arbitrator from making a legal error. *Nafta Traders*, 339 S.W.3d at 91–97, 101. Such agreement thereby allows for expanded judicial review of the award to determine whether the arbitrator committed reversible error. *Id*. The agreement to expand judicial review must be clear and unambiguous. *Id*. at 101 & n.78. "[A]bsent clear agreement, the default under the TAA . . . is restricted judicial review." *Id*. at 101.

The arbitration section at issue in *Nafta Traders* provided, "The arbitrator does not have authority (i) to render a decision which contains a reversible error of state or federal law, or (ii) to apply a cause of action or remedy not expressly provided for under existing state or federal law." *Id*. at 88. The supreme court concluded that such language limiting the arbitrator's authority was, in effect, an agreement between the parties to expand, the otherwise restricted, judicial review of the arbitration award. *Id*. at 102.

The arbitration agreement at issue here provides that the arbitrator "shall determine the controversy in accordance with the laws of the State of Texas as applied to the facts found by him/her." Fritz argues this language was an agreement by the parties to limit the arbitrator's power

and thus to expand judicial review. We disagree that this language is a clear agreement to expand judicial review of the arbitration award.

In *Jones v. Carlos & Parnell, M.D., P.A.*, the Dallas Court of Appeals concluded that similar language[3] to the arbitration agreement at issue in this case—instructing the arbitrator in *Jones* to render "any relief authorized by contract or applicable law that appears to be fair under the circumstances" and to "sign" the award in compliance with applicable state and federal law—was "far different" from the language at issue in *Nafta Traders* and did not establish that the parties "'clearly agreed[ ] to alter and expand the TAA's statutory review standard." No. 05-17-00329-CV, 2017 WL 4930896, at *3 (Tex. App.—Dallas Oct. 31, 2017, pet. denied) (mem. op.); *see also Midani v. Smith*, No. 09-18-00009-CV, 2018 WL 5660571, at *4 (Tex. App.—Beaumont Nov. 1, 2018, pet. denied) (mem. op.) (agreement that arbitrator's decision would be "governed by" Texas law did not expand judicial review); *Holmes Builders at Castle Hills, Ltd. v. Gordon*, No. 05-16-00887-CV, 2018 WL 1081635, at *3–4 (Tex. App.—Dallas Feb. 28, 2018, no pet.) (mem. op.) (agreement that arbitrator "shall apply" "[a]ll applicable [f]ederal and [s]tate law" did not expand juridical review). "Being directed to apply a particular law[, or in this case, being directed to determine the controversy in accordance with state law,] . . . is far different from so clearly depriving the arbitrator of the power to make any error in that application as to open the resulting award to second guessing by a court in a subsequent confirmation proceeding." *Jones*, 2017 WL 4930896, at *3. We reach the same conclusion here.

---

[3] Specifically, the arbitration agreement provided for arbitration "in accordance with the National Health Lawyers Association Alternative Dispute Resolution Services Rules of Procedure for Arbitration," which, in turn, provided: (1) that "[a]n arbitrator may award any relief authorized by contract or applicable law that appears to be fair under the circumstances;" and (2) "[a]n award must be in writing and signed by the arbitrator, in compliance with applicable state and federal law[,]" as well as a scheduling order from the arbitration proceedings noting the parties agreed that Texas Rules of Civil Procedure "will provide guidance" for discovery issues, and that the laws of the State of Texas "govern[ ] the subject matter of this arbitration." *Jones v. Carlos & Parnell, M.D., P.A.*, No. 05-17-00329-CV, 2017 WL 4930896, at *2 (Tex. App.—Dallas Oct. 31, 2017, pet. denied) (mem. op.).

Because we conclude that the parties did not contract to constrain the arbitrator from making a reversible error like the parties in *Nafta Traders*, we cannot exercise expanded judicial review to decide whether the arbitrator's award was prohibited as a double recovery under Texas law. *See Forest Oil*, 518 S.W.3d at 431; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 171.090 ("The fact that the relief granted by the arbitrators could not or would not be granted by a court of law or equity is not a ground for vacating or refusing to confirm the award."); *Hoskins*, 497 S.W.3d at 495 (concluding argument that arbitrator manifestly disregarded the law cannot be characterized as an assertion that arbitrator exceeded his powers). As such, we cannot conclude the arbitrator exceeded her powers here when she fashioned an award based on the claims submitted to arbitration and the relief sought by Alfortish.

Similarly, Fritz contends the arbitrator exceeded her authority by awarding Alfortish more fees and costs than it was entitled to recover under Texas law because Alfortish failed to properly segregate its attorney's fees to deduct the portion of fees not attributable to its breach of contract claim against Fritz. It is undisputed that the contract authorized the arbitrator to award Alfortish attorney's fees as the prevailing party on its breach of contract claim. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006) (stating Texas law allows for the recovery of attorney's fees when authorized by statute or contract); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 171.048(c)(2) (requiring an arbitrator to award attorney's fees if the fees are provided for by law).

The same analysis as set forth above is used to determine the arbitrator's powers even in cases determining whether an arbitrator failed to follow Texas law on segregation of attorney's fees and costs. *See Superior Healthplan, Inc. v. Legacy Home Health Agency, Inc.*, No. 13-20-00160-CV, 2022 WL 868530, at *2, *3 (Tex. App.—Corpus Christi Mar. 24, 2022, no pet.) (mem.

op.). As explained above, language that merely requires the arbitrator to follow Texas law does not express a clear intent to expand judicial review of arbitration awards, even those involving attorney's fees. *See id*. at 3; *Sanchez v. Dr.'s Hosp. at Renaissance, Ltd.*, No. 13-19-00365-CV, 2021 WL 266614, at *4 (Tex. App.—Corpus Christi–Edinburg Jan. 21, 2021, no pet.) (mem. op.) (citing *Forest Oil Corp.*, 518 S.W.3d at 432). Without reaching the merits of the arbitrator's award, we determine that the parties did not contract for expanded judicial review. *See Sanchez*, 2021 WL 266614, at *4.

## CONCLUSION

We affirm the trial court's judgment confirming the final arbitration award.

Irene Rios, Justice